# Schuchman et al. *versus* The Borough of Homestead.

When a dedication of land to public use is made, but is not recorded and nothing appears upon the land to show the existence of any right in the public, one who at a sheriff's sale buys the land in good faith and without notice of such public right, will not be affected by such dedication, although the fact thereof may have led other persons to purchase land in the neighborhood.

October 26th, 1885. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas No. 2, of *Allegheny County:* To October and November Term, 1884, No. 165.

Ejectment by the Borough of Homestead against Frederick Schuchman, Michael Marshall and Wm. M. Carney, to recover three lots of ground held in severalty by the defendants. Before the trial each of the defendants filed a disclaimer as to all the land except that occupied by himself; and the

[Schuchman *v.* The Borough of Homestead.]

plaintiff filed an amended description of the land in controversy so as to embrace the three lots in one description, including the streets separating them.    The said lots were situated along the Monongahela river.

*a, b, c,* the lots in dispute.

Both parties claimed under The Homestead Bank and Insurance Company, which in 1871 purchased a large tract along the Monongahela river, and in the same year made and recorded a plan subdividing the tract into building lots.   On the plan the lots in controversy were marked as lying between the water and "First Avenue," a street which ran nearly parallel with the water (see diagram).

The plaintiff gave evidence that in 1871, a sale was made by the Homestead Bank and Insurance Company of its lots, that at its sale, which was made with reference to the recorded plan, it was announced by the auctioneer and by the business manager of the company that the space between First Avenue and the river would not be sold for ordinary purposes, but was to be held for a public wharf.   This evidence was admitted after objection. (1st and 2d assignments of error.)

The defendants showed that in 1878 the Homestead Bank executed a mortgage to the Dollar Savings Bank covering with other property the lots in question; that under foreclosure of the mortgage the lot claimed by Schuchman was sold by the sheriff to one Ormsby Phillips, from whom by mesne conveyances all in good faith and for value, and without notice of any claim of reservation for public use, defendant Schuchman in 1880 derived title; that the other two defendants in the same year derived title to their lots by mesne conveyances; also all in good faith and for value and without notice, from the same Phillips, who had bought the lots at an execution

1 AMERMAN—4

sale under a judgment on the bond accompanying the aforesaid mortgage.

It also appeared that the borough of Homestead, which embraced the land in question, was organized in 1880 ; that it had never taken possession of or improved the said land ; that Carney had erected a saw mill upon his lot in 1881 without objection by the plaintiff, until he encroached on the street, when he was stopped by the authorities until he made an arrangement with them to pay a rent of $15 per month for the part of the street occupied by him. The defendant presented the following points to the court:—

1st. That under all the pleadings and evidence in the case the plaintiff is not entitled to recover.

2d. That the authority of an agent or officer of a corporation to make a parol dedication of land of a corporation for public use, will not be presumed ; it must be shown affirmatively that the authority was conferred by corporate action, by order, or resolution properly adopted. Individual actions of officials without special authority or their presence at a sale of lots of the corporation, and acquiescence in announcement to bidders of an intention to reserve for public use a portion of the lots set forth in the plan, is not sufficient evidence to change or contradict the recorded plan, showing no public reservation in the plan.

3d. Even if the jury believe that there was a valid parol dedication of the land in dispute by the Homestead Life Insurance Company as a wharf, a subsequent purchaser for value, without notice, will be protected ; and if the jury believe that the defendants, or any part of them, paid value for the land claimed, or any part thereof, without notice at the time of the alleged dedication, the verdict must be in favor of such defendant.

4th. Recorded plans are the best evidence of the dedication or non-dedication of lots described in them ; and parol testimony cannot be admitted to contradict or explain said plan to the prejudice of innocent purchasers for value buying on the faith of a plan of record.

5th. Purchasers of lots are not required to search beyond the records for secret trusts or claimants ; and if the jury find that at the date of the sheriff's sale to Ormsby Phillips before the plaintiff's incorporation, that the tract in dispute was in peaceable possession of the Homestead Company, and that the sheriff's deed passed to Ormsby Phillips the right of possession, and that he obtained possession and delivered the same to defendants in this suit, there can be no recovery for the plaintiff.

6th. If the jury believe that the borough plaintiff, in this

case, never adopted the plan of the Homestead Bank Company in evidence and never accepted the land in dispute as part of said plan, then there can be no recovery by plaintiff for want of evidence of its acceptance of the alleged dedication of the lots in dispute.

7th. That if the jury believe that from its incorporation in September, plaintiff took no charge of the land in dispute and exercised no control over same, nor did any act whatever prior to bringing this suit, to mark said land or change the plan of same on record, to notify contemplated purchasers of said alleged parol dedication and the plaintiff's acceptance thereof, plaintiff cannot recover in this action, if the jury find that the defendants paid value and bought without notice.

8th. If the jury believe that the borough plaintiff permitted Wm. Carney, one of defendants, to erect a saw mill and place other valuable improvements on a portion of said disputed ground, with the full consent of councils of said borough, and that it entered into an arrangement to charge the owner of said tract $15.00 per annum as a license for building over on a public street, this fact is evidence to contradict plaintiff's claim and right to recover in this case.

9th. If the jury believe that the representations were made to the lot owners on First Avenue, that the lots in dispute were to be set apart as appurtenant to their lots as a public ground to afford an unobstructed view of the river, etc., then the alleged parol grant was a mere easement for said lot owners in the tract, and the action of ejectment will not lie.

10th. In the absence of any testimony of uses for wharf or public purposes of the land in dispute and in possession of Schuchman, the fact that this land was afterwards included and conveyed by mortgage in evidence executed by The Homestead Bank and Insurance Company to the Dollar Savings Bank, would work a revocation of the alleged dedication, and plaintiff cannot recover for such portion of the land.

WHITE, J., answered all these points as follows:—"Nearly all the principles stated in the foregoing points are embraced in the reserved question on the special verdict. Wherein they are not so embraced they are refused."

The court submitted to the jury the question whether there was a parol dedication of the land in question to public use in 1871, instructing them, if they so found, to render a verdict for the plaintiff in the form of a special verdict; if they found there was no such dedication, then to render a verdict for the defendant, and in case of a verdict for the plaintiff reserved for the consideration of the court in *banc* the following ques-

[Schuchman *v.* The Borough of Homestead.]

tions:—1st. Whether on the points of law presented by counsel the plaintiff is entitled to recover.

2d. Whether on the facts found by the special verdict the plaintiff is entitled to recover.

The jury found a special verdict as follows :—

1st. That when the property was first put into the market at the public sale of lots in September, 1871, the crier and also the secretary of the Homestead Bank and Insurance Company acting as agent for said company in the presence of the president and a majority of the directors of said company, publicly announced to the bidders that the strips of land lying between First Avenue and the river, as shown on the recorded plans, would not be sold but were reserved and dedicated for public use, on the faith of which declarations some of the purchasers bought lots.

2d. That Ormsby Phillips who purchased the lots in dispute at sheriff's sale in 1880, on judgments against the Homestead Bank and Insurance Company, purchased without notice or actual knowledge of any claim that they had ever been reserved or dedicated to public use by said company.

And the jury find for the plaintiff for the three lots described in the writ, with six cents damages and costs, subject to the opinion of the court on the questions of law reserved as stated in the charge of the court.

The court in *banc* refused a new trial and entered judgment for the plaintiff on the points reserved. The defendants took this writ and filed assignments of error as follows :—1st and 2d, the admission of the parol evidence of dedication, 3d to 12th, not affirming the points presented by the defendants, 13th, the answer to the said points; 14th, not stating in terms the facts admitted or found by verdict and the questions of law arising on such facts; 15th, entering judgment for the plaintiff.

*H. Burgwin,* (with him *G. C. Burgwin* and *C. S. McKenna*), for plaintiffs in error.—The ejectment was for three separate lots owned and occupied by three several persons—such an action cannot be sustained, nor can the objection be met by an amended description including in one all the lots with the streets separating them. We desire, however, a decision of this case on the merits.

Such a dedication as is alleged here is at common law and in fact but an easement which will not sustain ejectment : See Sarnia *v.* Stout, 21 Up. Can. (Q. B). 112 ; West Covington *v.* Freking, 8 Bush, 121 ; Fulton *v.* Mehrenfred, 8 Ohio St. 440 ; Savannah *v.* S. B. Co., Charlton, 342 ; 2 Dil. Mun. Corp. § 133. The cases cited by defendant are cases of statutory dedica-

tion carrying the fee.  We do not claim that a dedication of land to public use cannot be made by parol, but we object to the mode of proof in this case; here there was a plan on record, and declarations of the manager and auctioneer in the presence of some of the directors of the company were allowed to contradict it.  An act of the *board* of directors duly convened or of the president duly authorized should have been shown: Niagara Falls *v.* Bachman, 4 Lans. 523, Morowetz Priv. Corp. § 247; Allegheny County Work House *v.* Moore, 14 Norris 408. ·

There was no evidence of assent to the dedication or possession taken by the public as implying consent; this was necessary, as common law dedications act by way of estoppel: Fulton *v.* Mehrenufeld, 8 Ohio St. 440; White's Lessee *v.* Cincinnati, 6 Pet. 431; Clements *v.* West Troy, 16 Barb. 251; Niagara Falls *v.* Bachman, *supra;* Trustees *v.* Otis, 37 Barb. 50.  Before acceptance the owner may revoke the dedication: Holdan *v.* Trustees, 21 N. Y., 478; Haynes *v.* Thomas, 7 Ind. 38.

The dedication, if ever made, was revoked by the mortgage.  Even if there had been a valid dedication, it would not avail against these defendants who are found to be purchasers for value without notice actual or constructive of the dedication: Seibert *v.* Levan, 8 Barr 383; McCarty *v.* Kitcheninan, 11 Wr., 239; Phillips *v.* Phillips, 12 Wr., 185; Randall *v.* Silverthorn, 4 Barr, 173; Overdeer *v.* Updegraff, 19 P. F. S., 119; Cannon *v.* Boyd, 23 Id., 181; Beaver Falls *v.* Wilson, 2 Norris, 83

*A. M. Brown,* (with him *John F. Cox*).—The dedication was sufficient:  City of Cincinnati *v.* White, 6 Peters, 431; Barclay *v.* Howell, id. 498; Macon *v.* Franklin, 12 Ga. 239; Harding *v.* Hale, 61 Ill. 192; Curtis *v.* Keesler, 14 Barb. 511. A sale of lots with reference to a plat will amount to an immediate and irrevocable dedication binding upon both vendor and vendee: 2 Dillon Mun. Corp. § 503; Schenly *v.* Com'th, 36 Pa. St. 62; McKee *v.* Perchment, 69 id. 342; Davis *v.* Sabita, 63 id. 90; McCall *v.* Davis, 56 id. 431; Birmingham *v.* Anderson, 48 id. 253.  As against a proprietor and those claiming under him a dedication to public use may be complete without any act of acceptance on the part of the public; the public is an ever-existing grantee, and its interest is a sufficient consideration to support a dedication to public use: Warren *v.* Jacksonville, 15 Ill. 236.  A map is not essential to the validity of a dedication; the Statute of Frauds does not apply to a dedication of ground to public use: Godfrey *v.* City, 12 Ill. 29; Vick *v.* The Mayor, 1 How. (Miss). 379;

Washb. Easements, (3d ed.) 185; Com'th *v.* McDonald, 16 S. & R. 390; Abbott *v.* Mills, 3 Vt. 526; State *v.* Wilkinson 2 id. 480; Cincinnati *v.* White, *supra.* Neither the proprietor of land dedicated nor the municipality by which it is held for the public use can extinguish the use where persons have been induced to purchase lots, bordering on such dedicated property on the expectation held out by the proprietor that it should remain for such public use: Abbott *v.* Mills, *supra;* Price *v.* Thompson, 48 Mo. 363; M. E. Church *v.* Hoboken, 33 N. J. Laws 13; New Orleans *v.* United States, 10 Pet. 734; San Antonio *v.* Lewis, 15 Tex. 388; Brooklyn Park Commissioners *v.* Armstrong, 45 N. Y. 234; Hart *v.* Burnett, 15 Cal. 580; Com'th *v.* Rush, 14 Pa. St. 186; Com'th *v.* Alburger, 1 Whart. 469; Board *v.* Edson, 18 Ohio St. 221.

Ejectment may be maintained by a municipal corporation for streets and public places: Dillon Mun. Corp. § 523, and cases cited. Any intelligent man examining the plan would be led to the conclusion that the open space between First Avenue and the river was intended for a public way or wharf.

Mr. Justice TRUNKEY delivered the opinion of the court, January 4th, 1886.

When charging the jury the learned judge of the Common Pleas remarked that Ormsby Phillips purchased the lots of land in controversy without notice or knowledge that they had been dedicated to public use; that there was nothing on the face of the plan to indicate that they were so dedicated, or sufficient to put a purchaser at sheriff's sale on inquiry; and that there is no evidence that the Homestead Bank and Life Insurance Company ever offered said lots for sale, or improved them, or that any person had actual possession of them until after the sheriff's sale in 1880.

The special verdict was rendered subject to the opinion of the court on the questions of law reserved, to wit:—

"1st. Whether on the points of law presented by counsel, the plaintiff is entitled to recover?"

"2d. Whether on the facts found by the special verdict, the plaintiff is entitled to recover?"

One of the findings in the verdict is as follows:—" That Ormsby Phillips, who purchased the lots in dispute at sheriff's sale in 1880, on judgments against the Homestead Bank and Insurance Company, purchased without notice or actual knowledge of any claim that they had ever been reserved or dedicated to public use by said company."

Thus are we brought directly to the decisive fact, that Ormsby Phillips was a *bona fide* purchaser without notice.

[Schuchman v. The Borough of Homestead.]

The plaintiff seeks to oust the defendants who hold under an innocent purchaser at sheriff's sale whose title to the land was good, as against the Homestead Bank and Life Insurance Company. At the time of the sale the title appeared to be in that company, and constructively said company had possession; nobody else held a visible title or interest.

Where one purchases land at a private or judicial sale, for a valuable consideration, from a person, or as the property of a person, in whom the title is apparently vested, without notice or knowledge of any other title and in absence of facts to put him on inquiry for such other title, he may hold the land against any title of which he had no notice or knowledge. This principle has been so long established that it would be difficult to find a late case in this state where it was enunciated. But it has been recognized in a multitude of decisions on questions respecting notice to the purchaser, and his knowledge, and matters which are sufficient to put him on inquiry. These settle that where there is a continuous or apparent easement or servitude, the purchaser at private or judicial sale is bound to take notice, and he takes title subject thereto. So, where there is an apparent dedication of land for public use, the purchaser of the legal title could not defeat the right of the public.

A *bona fide* purchaser without notice, is unaffected by notice to his vendor: Bond *v.* Stroup, 3 Binn. 66. Hence, if the defendants purchased the land without notice, even if Phillips had been notified of the dedication before his purchase, their title is good.

It is reasonably certain that the Homestead Bank and Life Insurance Company dedicated the land to the public, and that a number of persons purchased lots expecting to enjoy the resulting advantage. However, nothing in the plan, or in the course of title, or on the ground, was a warning to Ormsby Phillips of such dedication, and therefore he acquired a good title. The citizens of the borough suffer serious loss under the operation of a rule which applies to them as it would to an individual under similar circumstances.

Although the third and fifth points presented by the defendants may not be strictly accurate, yet they fairly raise the point of law applicable to the second finding in the special verdict, and upon that finding the plaintiff is not entitled to recover.

> Judgment reversed, and now judgment is entered for the defendants *non obstante veredicto*.