## DAVID H. MOFFAT *vs.* COUNTY COMMISSIONERS OF CALVERT COUNTY ET AL.

*Insufficient Affidavit to Bill for an Injunction—Error as to Name in Tax Assessment—Bill to Enjoin Collection of Tax.*

The affidavit to a bill asking for an injunction is insufficient when it is not made by the plaintiff but by one not a party to the cause who simply swears that the matters stated in the bill are true to the best of his knowledge and belief, but does not inform the Court as to the source of his information or what knowledge he has on the subject.

When property owned by the Chesapeake Beach Ry. Co. is erroneously assessed to the Chesapeake Beach Improvement Co., the former company, having knowledge of the assessment, is not entitled to apply for an injunction to restrain the collection of the tax on the property, but should apply to the proper authorities to correct the error.

Plaintiff's bill for an injunction to restrain the collection of a tax alleged that on May 31st, 1901, he had purchased certain real estate from the Chesapeake Ry. Co.; that the defendants, the County Commissioners, at their annual session in 1901 had assessed the property for taxation to the Chesapeake Improvement Co., but had not notified said company or the plaintiff of the assessment.   *Held,* upon demurrer, that the bill was properly dismissed since it does not allege when the assessment was made, or that plaintiff was then the owner of the land, or that the Chesapeake Ry. Co. from whom plaintiff purchased the property, was not duly notified of the assessment.

Appeal from a decree of the Circuit Court for Calvert County (BRISCOE, C. J.)

The cause was argued before FOWLER, BOYD, PEARCE, SCHMUCKER, and JONES, JJ.

*John B. Gray* and *J. S. Flannery*, for the appellant.

*J. Frank Parran* (with whom was *John Bond, Jr.*, on the brief), for the appellees.

BOYD, J., delivered the opinion of the Court.

The appellant filed a bill in equity against the County Commissioners and treasurer of Calvert County praying that an assessment and levy of taxes therein mentioned be declared illegal, null and void, and that the treasurer be enjoined from the collection of the taxes. The defendants demurred to the bill and the Court below passed a decree sustaining the demurrer and dismissing the bill. From that decree this appeal was taken. The bill alleges that the complainant purchased of the Chesapeake Beach Railway Company on the 31st day of May, 1901, certain lots of ground described in a deed filed as an exhibit; that the said land was improved by a building known as the "Club House," and the County Commissioners at its annual session in the year 1901, for the purpose of assessing property, assessed the "Chesapeake Beach Improvement Company" with certain improvements which are set out, including the "Club House." It is alleged that before making the assessment the County Commissioners failed to notify the Chesapeake Beach Improvement Company, or the complainant, the owner of said lots and improvements, of the assessment, and that the property was not assessed and returned by a collector or assessor whose duty it was to assess and return the same. The levy of the taxes on that assessment and the fact that the treasurer was about to proceed to collect them are also charged. The bill purports to have been sworn to by an agent and attorney in fact for the complainant, who made oath "that the matters and things stated in the afore-

going bill of complaint are true, to the best of his knowledge and belief."

There can be no doubt that the bill was defective because it was not properly verified. We held in the recent case of *Fowble* v. *Kemp*, 92 Md. 630, that an affidavit to a bill for an injunction made by an "attorney and agent for the company" was not sufficient, as it did not show that the affiant had personal knowledge of the facts alleged in the bill. It was there said, "When the affidavit on its face shows, as this one does, that it is made not by a party to the cause, but by a person who could not know the facts except by hearsay, unless his means of knowing them in such a way as to authorize him to testify be disclosed, a Court has no right to assume that his knowledge is personal rather than hearsay, if it may be either the one or the other. If it be hearsay it is not sufficient to verify a bill for an injunction. If his knowledge be personal, it ought to appear that it is." The reason of the rule is that there must be at least *prima facie* evidence of the facts on which the complainant's equity rests, so that the confidence of the Court may be obtained, before it can be called upon to issue an injunction. That cannot be done by an affidavit of one not a party to the cause, who simply swears that the matters and things stated in the bill are true to the best of his knowledge and belief, but does not inform the Court as to the source of his information or what knowledge he has on the subject. That defect in the bill was therefore sufficient to justify the Court in refusing to grant an injunction.

But there are other objections to the bill which apply to all the relief sought. It does not even allege when the assessment complained of was made—further than to say that it was at the annual session of the County Commissioners in the year 1901 for the purpose of assessing property. The brief of the appellees states that the meeting was in March. Although the record does not disclose that fact, there is nothing whatever to inform the Court when it was. Section 49 of Art. 5 of the Code of Public Local Laws contemplates the making of the levy for Calvert County in April of each year, and it

may therefore be presumed, in the absence of some allegations to the contrary, that the annual session of the County Commissions referred to was held before the date of the deed to the appellant. It was executed May 31st, 1901, and prior to that time the Chesapeake Beach Railway Company was the owner of the property, while the bill only alleges that the County Commissioners failed to notify the Chesapeake Beach Improvement Company, and the complainant, of the assessment and does not allege that the Chesapeake Beach Railway Company was not duly notified. If the property belonged to the latter company, there was no occasion to notify the Improvement Company, or the complainant, conceding the appellant's position to be correct that the owner was entitled to notice. There is no allegation that the appellant was the owner at the time the assessment was made, and the only inference to be drawn from the bill is that he was not, and it is alleged that the Improvement Company has neither title nor interest in the property. It is not even alleged that there is or ever was a corporation named the "Chesapeake Beach Improvement Company." It may be that it was intended to assess the property to the "Chesapeake Beach Railway Company," and that the word "improvement" was erroneously substituted for the word "railway," as that is the only difference between the two names mentioned in the bill. If that be the case, that error cannot be made the foundation for a proceeding in equity. In *O'Neale* v. *Virginia and Maryland Bridge Co.*, 18 Md. 1, the entry in the assessment book was "Potomac Bridge Company," while the corporate name was "The Virginia and Maryland Bridge Company at Shepherds Town." The Court said "We have no power to make the correction for the benefit of the public, which the commissioners might have done, and if Courts of equity were to interfere in such cases, parties taxed, instead of going before the proper tribunal to have errors corrected and thereby, whilst protecting themselves, secure to the State or county their just demands against the property, would wait until the time had elapsed and then, by proceeding in equity, escape altogether,"

and relief was refused.   But if there be two corporations and the property actually belonged to the Railway Company, although it was assessed to the Improvement Company, there is, as we have seen, no allegation in the bill that the Railway Company did not have notice, and if any person or corporation was entitled to notice that company would, under those circumstances, be the one so entitled.

The Act of 1890, chapter 183, prescribing the duties, etc., of the treasurer of Calvert County, was referred to by the solicitors for the appellant, and it was contended that the treasurer's power to enforce the collection of taxes for the year 1901 ceased on the 31st of December, 1902, and therefore he should now be restrained from doing what he had no legal right to do.   As the bill was filed before that time, we do not understand upon what principle that statute could be invoked, if we were called upon to pass on it and it was admitted that the appellant's construction of it was correct.   But there is no suggestion in the bill of the lack of power on the part of the treasurer to collect these taxes by reason of the provisions of that statute, and it furnishes no such information as would enable us to intelligently pass on the subject.

Other objections to the bill might be pointed out, but it is not necessary to do so.   There is no principle better established than that which requires a complainant in a bill for an injunction to make a full and candid disclosure of all facts upon which he relies for relief.   As is said in *Miller's Equity, Proc.*, sec. 580, p. 688 : "The Court must be informed by the bill itself, and its accompanying exhibits, if any, of every material fact constituting the case of the plaintiff, in order that it may be seen whether there is a just and proper ground for the application of the summary remedy of injunction.   There should be no misrepresentation, or concealment, or keeping in the background important facts of which the Court ought to be advised, and which the Court thinks are material to enable it to form its judgment."   From what we have said, it is apparent that we do not think this bill so complied with those requirements as to entitle the appellant to an injunction.   It is equally

defective in reference to the other relief sought, to have the assessment and levy of taxes declared illegal, null and void. If the County Commissioners and tax officers are to be required to meet such indefinite and vague allegations as are contained in this bill, much of their time would be occupied in defending suits which should be devoted to the discharge of the duties imposed on them by law. The Court below was right in sustaining the demurrer and as no relief could be granted under the bill it was properly dismissed.

> *Decree affirmed, the costs to be paid by the appellant.*

(Decided April 22nd, 1903.)