EMMA V. LYON

*vs.*

# MAYOR AND COMMON COUNCIL OF HYATTS-VILLE.

*Equity pleading: cases on bill and answer. Municipal corpora-*
*tions: power—to assess the cost of public improvements;*
*"front foot" rule; no preliminary hearing; no "taking*
*of property" within constitutional prohibi-*
*tion. Notice.*

Where a case is submitted on bill and answer, the answer
must be taken as true, in so far as it is responsive to the bill.

p. 308

The purpose of Chapter 79 of the Acts of 1908 was to give the
Town of Hyattsville the power to extend the sewerage system,
and did not confine it necessarily to merely adding to the length
of the old sewer constructed in 1904.                    p. 309

The Legislature has the power of taxing particular districts
for local benefits or improvements; and to authorize municipal
corporations to open, pave, grade, curb, etc., any street or part
of street, and to assess the cost of such work upon the property
binding upon such street or part thereof. And in the absence
of any declaration of intent to the contrary, the presumption is

that the Legislature considered that the purpose of such taxation or assessment was a public purpose, and that the improvement would inure to the special benefit and advantage of the owner of the adjacent property, upon which the assessment was laid.                                                       p. 311

Acts of the Legislature, authorizing the assessment for such benefits according to what is called the "front foot" rule are within the constitutional right of the Legislature, even though no provision is made for any preliminary hearing as to benefits; such assessment does not constitute a "taking of property without due process of law."                          pp. 311-313

Where real property belonging to a married woman was for years assessed upon the tax books in the name of her husband, and the taxes paid by him, and where a notice of improvements, for which the abutting property was to be assessed, was sent to him, and he attended all the meetings in reference thereto, and was advised of the amount that was to be charged to the property that was assessed in his name, and where he, being an engineer, offered to prepare and draw plans for the improvement, it cannot be contended that the wife, the owner of the property, had no notice of the contemplated improvement.
                                                       p. 316

*Decided February 10th, 1915.*

The facts are stated in the opinion of the Court.

Appeal from the Circuit Court for Prince George's County. (In Equity.)   (BEALL, J.)

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Wm. J. Neale* and *H. B. Moulton* submitted a brief for the appellant.

*Vincent A. Sheehy,* for the appellee.

Boyd, C. J., delivered the opinion of the Court.

This is an appeal from a decree of the lower Court deny-
ing an injunction and dismissing the bill of complaint filed
by the appellant against the appellee.  The bill alleges that
the plaintiff (appellant) is the owner of a tract of land in
Hyattsville, beginning on the west side of the Washington
and Baltimore Turnpike, now known as Maryland avenue, at
the middle of Arundel avenue, and running thence west along
said middle of that avenue 358 feet; thence north, at right
angles to said avenue, 378 feet to the middle of Calvert ave-
nue; thence east along the middle of Calvert avenue, and
parallel with Arundel avenue, 410 feet to the west side of
the turnpike, or Maryland avenue; thence south 8 1/3 de-
grees west along said turnpike or Maryland avenue 110 feet
to a corner; thence south 7 degrees along the west side of
said turnpike 274 feet to the beginning, and that said prop-
erty is improved by a dwelling house and other improve-
ments.  The object of the bill is to prevent the collection of
an assessment of $269.38 against the plaintiff's property for
a sewer that was built by the defendant (appellee) and to
have said assessment set.aside and declared void.

An order to show cause why the injunction should not issue
was passed, and an answer was filed by the appellee.  The
case was submitted on bill and answer, and hence the answer
must be taken as true so far as responsive to the bill.  *Miller's
Eq. Proc.* 317-322, 686.  The brief of the appellant relies
mainly on the claim that the assessment by the lineal foot is
a taking of private property without due process of law and a
violation of the Fourteenth Amendment to the Federal Con-
situation, but as other questions are suggested, we will
consider them also.

1. Under the Act of 1904, Chapter 125, the Mayor and
Common Council of Hyattsville was authorized to establish,
construct and maintain a sewerage system for the town and
to issue its bonds to an amount not exceeding $30,000.00.
That sewer was only constructed on Maryland avenue as far
north as Arundel avenue.  By section 15 of Chapter 79 of

Acts of 1908, the corporation was given "authority to extend the water mains and sewers as the interest of the town from time to time in its opinion demands, assessing upon the land abutting such extensions the cost thereof, which assessment shall be a lien upon such abutting property, to be assessed at such time as the Mayor and Common Council may determine, and to be collected from the owners of said abutting property by said Council as taxes due the corporation of Hyattsville are collected, and the Mayor and Common Council to have power to make all necessary regulations as to the notice of such assessments to the property owners." Under the authority of that Act ordinances were passed for the construction of the sewer in question, and there was an assessment of $269.38 on the property of the appellant, but it was assessed in the name of her husband, W. C. Lyon. That sewer was constructed on Maryland avenue to Carroll avenue, which is north of Arundel avenue, and then out Carroll avenue. It runs 366.50 feet in front of the appellant's property on Maryland avenue.

The appellant contends that this was not an extension of the present sewerage system, and that the town was only authorized to extend the sewer of 1904 from some point at which it ended. We will content ourselves by quoting from the opinion of JUDGE BEALL as to that ground. He said: "Manifestly the law meant to give the town the power to extend the sewerage system of the town, and did not mean to confine it necessarily to adding to the length of the old sewer constructed under the Act of 1904. The purpose of the Act was to enable the town to meet the growing demands of increasing population by reaching portions of the town with sewers as it became built up."

2. The second reason assigned is equally without merit. It is contended that the new sewer is in part a duplication of an existing one, and that there was no authority for such construction. It is true that for some distance south of Arundel avenue the new sewer is parallel with the old one

on Maryland avenue, but the answer effectually disposes of
that objection. In the first place it denies that such dupli-
cate sewer was in front of the appellant's property, or that
said property was in any way affected thereby, or that appel-
lee has attempted to assess any part of the costs of such
duplicate sewer against the appellant's property or any other
property, but it alleges that the duplication was owing to the
existing conditions. In order to have a proper grade in the
extension of the sewer on Maryland avenue, north of Arundel
avenue, it was necessary in the opinion of the engineer in
charge to begin south of Arundel avenue, and it was begun
about midway between the latter and Maple avenue. After
the sewer of 1904 was laid the State Roads Commission had
taken over Maryland avenue and had macadamized it and
made a first-class roadway out of it. The appellee found
upon investigation that it would be cheaper to run a parallel
sewer for the distance spoken of than to tear up the road,
place the old sewer deeper and then repair the road. It
therefore laid that part of the new sewer on the side of the
avenue, where it was not macadamized, which was undoubt-
edly proper and cheaper, if the allegations in the answer are
correct, as we must assume them to be.

3. In reference to the reason assigned that the property of
the appellant is not benefited by the construction of the
sewer it would perhaps only be necessary to refer to the case
of *Hyattsville* v. *Smith,* 105 Md. 318. JUDGE BURKE, in
speaking for the Court, after referring to certain funda-
mental maxims in the law of taxation, stated by JUDGE
COOLEY, said: "Two others, which have been long and firmly
fixed in the law of this State, may be added; first, that the
Legislature has the power of taxing particular districts for
local benefits or improvements; and, secondly, to authorize
a municipal corporation to open, grade, pave, curb, etc., any
street, or part of a street, and to assess the cost of doing
such work upon the property binding upon such street or
part thereof, and that in the absence of any declaration of

intent to the contrary, the presumption would be that the
Legislature considered that the purpose for which the tax
or assessment was levied was a public purpose, and that the
improvement would inure to the special benefit and advantage
of the adjacent owner upon whose property the assessment is
laid." A number of Maryland cases are then cited by him,
and we would also refer to *Bassett* v. *Ocean City,* 118 Md.
114; *Alberger* v. *Baltimore,* 64 Md. 1; *French* v. *Barber
Asphalt Paving Co.,* 181 U. S. 324; 4 *Dillon on Municipal
Corporations* (5th Ed.), 2522.

4. The next objection is that the assessment of the cost of
the sewer upon the abutting property, according to the
frontage of each parcel, is a taking of private property with-
out due process of law and contrary to the fourteenth amend-
ment to the Federal Constitution. In *Hyattsville* v. *Smith,
supra,* we sustained an assessment made according to the
front foot rule under a section of the charter of Hyattsville
very similar to the one under which this improvement was
made, as we also did in *Bassett* v. *Ocean City, supra,* and
*Baltimore* v. *Johns Hopkins Hospital,* 56 Md. 1. Unless
therefore the appellant is correct in his contention that the
Supreme Court of the United States has decided otherwise,
the question is settled in this State.

The case relied on by the appellant is *Norwood* v. *Baker,*
172 U. S. 269. While there are expressions in that case
which might seem to sustain the position of the appellant,
the Supreme Court has explained that decision and has
pointed out that it was not intended to adopt the rule which
some courts thought it had established. In *French* v. *Barber
Asphalt Paving Co.,* 181 U. S. 324, the case of *Norwood* v.
*Baker* was referred to at some length, and a number of
authorities were considered, and it was held that (quoting
from the syllabus) : "The apportionment of the entire cost of
a street pavement upon the abutting lots according to their
frontage, without any preliminary hearing as to benefits, may
be authorized by the Legislature, and this will not constitute

a taking of property without due process of law." The Court, quoting from and approving *Dillon on Municipal Corporations,* said: "The Courts are very generally agreed that the authority to require the property specially benefited to bear the expense of local improvements is a branch of the taxing power, or included within it. * * * Whether the expense of making such improvements shall be paid out of the general treasury, or be assessed upon the abutting property or other property specially benefited, and, if in the latter mode, whether the assessment shall be upon all property found to be benefited, or alone upon the abutters, according to frontage or according to the area of their lots, is according to the present weight of authority considered to be a question of legislative expediency. (2 *Dill. Mun. Corp.,* section 752, 4th Ed.). This array of authority was confronted in the Courts below, with the decision of this Court in the case of *Norwood* v. *Baker,* 172 U. S. 269, which was claimed to overrule our previous cases, and to establish the principle that the cost of a local improvement can not be assessed against abutting property according to frontage, unless the law, under which the improvement is made, provides for a preliminary hearing as to the benefits to be derived by the property to be assessed. But we agree with the Supreme Court of Missouri in its view that such is not the necessary legal import of the decision in *Norwood* v. *Baker.*" Then, after referring to *Norwood* v. *Baker* at some length, the Court said: "That this decision did not go to the extent claimed by the plaintiff in error in this case is evident, because in the opinion of the majority it is expressly said that the decision was not inconsistent with our decisions in *Parsons* v. *District of Columbia,* 170 U. S. 45, 56; 42 L. Ed. 943, 947, and in *Spencer* v. *Merchant,* 125 U. S. 345, 357; 31 L. Ed. 763, 768."

In *Wight* v. *Davidson,* 181 U. S. 371, the Supreme Court, in considering the case of *Norwood* v. *Baker,* said: "There the question was as to the validity of a village ordinance, which imposed the entire cost and expenses of opening a

street, irrespective of the question whether the property was
benefited by the opening of the street.   The Legislature of
the State had not defined or designated the abutting property
as benefited by the improvement, nor had the village authori-
ties made any inquiry into the question of benefits * * *.
That it was not intended by this decision to overrule *Bauman*
v. *Ross* and *Parsons* v. *District of Columbia* is seen in the
opinion where both those cases are cited, and declared not to
be inconsistent with the conclusion reached."

Without quoting from other cases, see *Tonawanda* v. *Lyon,*
181 U. S. 389; *Cass Farm Co.* v. *Detroit,* 181 U. S. 396;
*Webster* v. *Fargo,* 181 U. S. 394; *Detroit* v. *Parker,* 181
U. S. 399; *Wormley* v. *District of Columbia,* 181 U. S. 402;
*Allen* v. *District of Columbia,* 181 U. S. 402; *Shumate* v.
*Heman,* 181 U. S. 402; *Chadwick* v. *Kelley,* 187 U. S. 540.
Many decisions are collected in the note to *Heavner* v. *Elkins,*
69 W. Va. 255, as reported in 26 *Am. & Eng. An. Cases,*
655.   Assessments levied by the front foot are thus fully
sanctioned by the Supreme Court and the cases sustaining
that mode decided by that Court were not overruled by
*Norwood* v. *Baker.*

It is said in the brief of the appellant that the cases relied
on by the appellee were all from the District of Columbia,
and it is attempted to point out a distinction between them
and that of *Norwood* v. *Baker,* but without deeming it neces-
sary to say more as to that suggestion, it will be seen that a
number of those cited above were not from the District of
Columbia, and the Supreme Court made no such distinction.
An extended review of the Supreme Court decisions can be
found in 4 *Dillon on Mun. Cor.* (5th Ed.), section 1436,
where the late cases are cited in the notes.   Inasmuch, then,
as we find nothing in the decisions of the Supreme Court to
cause us to change our decisions on the subject, and as the
latter have distinctly placed this Court in the line of cases
sustaining the front foot rule, it is clear that the injunction
could not have been granted upon the ground now under
consideration.

It may be well to add that the answer and the ordinance
assessing the costs show that only one-half of the cost of the
sewer on Maryland avenue in front of the appellant's prop-
erty was assessed against it, and that there is no occasion
to collect by general taxation any portion of the cost of con-
structing the sewer or to use for that purpose money in its
treasury placed there for other purposes. It is also dis-
tinctly alleged in the answer that the plaintiff's property
is specially benefited by the sewer.

5. The objection that no notice was given to the appellant
of the meeting of the Mayor and Common Council for the
purpose of making an assessment of the cost of constructing
the sewer upon the abutting lands is, under the circum-
stances shown by this record, wholly without merit, and the
bill fails to disclose material facts in reference to that ques-
tion. The answer shows that this property had been carried
on the tax record of the appellee in the name of W. C. Lyon,
the husband of the plaintiff, for at least thirteen years, and
that during that period the taxes have been paid theron by
him and in his name, upon bills rendered without objection
or inquiry by the plaintiff. It is further alleged that all of
the property owners, except the owner of the property now
claimed by the appellant, abutting on Maryland avenue,
from Arundel avenue to Carroll avenue, and on Carroll ave-
nue to Cecil avenue, filed a petition with appellee to have
the sewer constructed; that several informal conferences be-
tween the property owners and the Mayor and Common
Council were held, at which the necessity for such sewer, the
size thereof, character and best method of constructing the
same were discussed; that as the result of the conferences the
Mayor and Common Council became convinced of the neces-
sity for such sewer and in order that it might be taken up in
a formal way and in due order, although not required by law,
notice was sent to all the owners whose names appeared upon
the tax records that the Mayor and Common Council would
on the day named hear the property owners upon the questions
of the necessity for and size of such a sewer, and that on

that day the property owners appeared and before any action was taken every property owner who desired to be heard was heard. An ordinance was duly passed and the sewer constructed. The Mayor and Common Council afterwards directed notices to be sent, in accordance with the terms of the original ordinance, to the owners of lands abutting said sewer, that they would meet at a time and place named for the purpose of making an assessment of the costs, and notice was sent to each of the property owners appearing upon the tax records of said town; that at the time and place appointed certain property owners, including W. C. Lyon, were present and the total costs, the number of front feet liable to be assessed and the cost per front foot were all explained to them and every one desiring to be heard was heard, but not a dissenting voice was raised. An ordinance making the assessment was afterwards passed. It is further alleged that at all of the conferences, with the exception of possibly one or two, W. C. Lyon was present, took part in the discussions and, being a civil engineer, at one of the conferences offered to prepare a plan for the construction of said sewer; that all of the notices were therefore sent to him and that at no time did he intimate that he was not the owner of the property; that the plaintiff and her said husband reside together in Hyattsville, and the sewer was constructed in front of their place of residence. The answer further avers that she well knew and was fully advised as to the proceedings being taken by the defendant, and that, if she be in fact the owner of the property, she knew that her husband was present at said meetings, and was so present as her agent and representative and she is now estopped to deny it. The assessment was "On that part of the Killian tract fronting 366.50 feet on Maryland avenue, and assessed in the name of W. C. Lyon, $269.38," and the bill for the amount of the assessment, which was sent to W. C. Lyon, was filed by the plaintiff with her bill of complaint—being another circumstance to show that she was kept informed as to what was being done in reference to the sewer.

Under such circumstances, there being no denial of the averments in the answer, which has the effect stated above, inasmuch as the case was heard on bill and answer, the plaintiff cannot be granted relief in a Court of Equity on the ground that the assessment was not made in her name, or that the notice was not sent to her. The assessment was in fact made against the property, which was correctly stated to be assessed in the name of W. C. Lyon. If authorities be necessary to show that such objection to assessments for local improvements will not under such circumstances be countenanced by Courts of justice, see *Wilkens Co.* v. *Baltimore,* 103 Md. 293; *Moffat* v. *Calvert Co.,* 97 Md. 266; *Parsons* v. *District of Columbia,* 170 U. S. 45; *Wight* v. *Davidson,* 181 U. S. 377; *Chadwick* v. *Kelley,* 187 U. S. 540; *In Re McLean,* 138 N. Y. 164; *Atkinson* v. *Newton,* 169 Mass. 240; *Stettler* v. *East Rutherford,* 65 N. J. L. 528; 10 *Am. & Eng. Ency. of Law* 230; 25 *Ibid.* 1205.

We do not deem it necessary to consider the additional question suggested by the appellee—whether under this statute any notice was required before the assessment was made. We are of the opinion that the lower Court was right in refusing to grant an injunction, and as there was no reason for retaining the bill, it was properly dismissed.

*Decree affirmed, the appellant to pay the costs.*