WALLACE C. LYON

*vs.*

MAYOR AND COMMON COUNCIL OF HYATTS-
VILLE, MARYLAND.

*Sewers: construction of—; money paid for—; suit to recover.*

Where proceedings are taken to have declared null and void
an assessment made for the construction of a municipal sewer
in a street on which the property of the complainants abuts,
and the decision of the court against the complainant is sus-
tained by the Court of Appeals, an action to recover the money
paid to avoid a sale of the property by the municipality will
not lie.                                                    p. 65

*Decided January 16th, 1918.*

Appeal from the Circuit Court for Prince George's Coun-
ty. (BEALL, J.)

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CON-
STABLE, JJ.

*Clayton E. Ewing,* submitted a brief for the appellant.

*Vincent A. Sheehy,* submitted a brief for the appellee.

PATTISON, J., delivered the opinion of the Court.

The demurrer to the appellant's declaration having been sustained and he having failed to amend within the time allowed him, a judgment for cost was entered against him in favor of the appellee.   From that judgment this appeal is taken.

The suit was instituted to recover the sum of $275.77 paid by plaintiff to the defendant in payment of an assessment against his wife, as the owner of a lot of land in Hyattsville, Maryland, to aid in the construction of a sewer in Maryland avenue, in said town.

The assessment was made under an ordinance passed by the defendant pursuant to an Act of the General Assembly of this State.   The validity of the ordinance is not assailed, but the assessment is said to have been wrongfully made thereunder, for the reason stated in the opinion in *Lyon* v. *The Mayor and Common Council of Hyattsville,* decided at the present term of this Court which we think unnecessary to repeat here.   As alleged in the declaration the wife, at that time the alleged owner of said land, refused to pay the assessment and instituted proceedings in the Court, in which this declaration was filed, to set aside and annul the assessment because as she alleged the assessment was null and void.

As to said proceedings the plaintiff in his brief, in stating the substance of this declaration says "that his co-tenant of said premises (his wife) entered proceedings in the Court below to have the said assessment set aside, which proceedings were decided adversely to the appellant and his co-tenant."   The declaration then states that the plaintiff paid said sum of $275.77, the amount of said assessment and interest under protest and coercion after the said property had been advertised for the sale to enforce the payment of the

said assessment.    It is upon this statement of fact that the plaintiff attempts to recover the amount so paid by him, although at the time of the institution of this suit the proceedings referred to in the declaration as having been instituted by his wife to set aside the said assessment as null and void had been adversely decided by the lower Court and the assessment held by it to be valid and the decision of that Court affirmed by this Court in *Lyon* v. *Mayor and Common Council of Hyattsville,* 125 Maryland, 306.

It is clear upon the facts stated in the *narr.* that the plaintiff is not entitled to recover and hence the Court below committed no error in sustaining the demurrer thereto.    The judgment will thereto be affirmed.

*Judgment affirmed, with costs to the appellee.*