WILLIAM H. HARLAN *v.* TOWN OF BEL AIR

[No. 20, April Term, 1940.]

262

*Decided May 22, 1940.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, and DELAPLAINE, JJ.

*Philip H. Close* and *Joseph S. Goldsmith,* with whom was *William H. Harlan* on the brief, for the appellant.

*Robert H. Archer* and *David P. Gordon,* for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

William H. Harlan, a resident of Bel Air, seeks an injunction to prohibit the Town of Bel Air from prosecuting him for failing to connect his dwelling with the municipal sewerage system.

By an act of the Maryland Legislature, approved by the voters at a municipal election, every abutting property owner is required to make connection with the sewerage system after receiving notice from the Bel Air Sewerage Commission. Failure to connect is made a misdemeanor. The cost of construction of the sewerage system, exclusive of the disposal plant, is defrayed by an issuance of notes and bonds, which are to be paid by an annual tax and an annual front foot assessment on all properties abutting on any street, road, alley, or right of way in which a sewer is laid. Any owner of property, which does not abut on a sewer, is given permission to connect at his own expense; but if he elects to connect, his property is subject to the assessment. Acts of 1927, ch. 254.

The appellant is the owner of a life estate in a farm, which was situated outside the corporate limits of the town at the time of the passage of the act, but was brought within the limits by a later act. Acts of 1929, ch. 110.

In 1935 the Legislature abolished the Sewerage Commission and conferred the powers and duties of that body upon the Commissioners of Bel Air. Acts of 1935, ch. 52. In October, 1939, the Commissioners notified the appellant to connect either with the sewer in Hickory Road, to which his farm extends, or with the sewer in Choice Street. They warned him that if he failed to comply, they would institute criminal proceedings against him.

In his bill of complaint the appellant alleges that his farm of thirty acres lies entirely outside the built-up portion of the town; that as his dwelling is approximately 900 feet from Hickory Road, a line to that road would cost him at least $2,000; and that there is no other sewer with which he could connect without trespassing upon the lands of others and subjecting himself to litigation.

The Town of Bel Air admits, in its amended answer, that the appellant's dwelling is a considerable distance from the public road; but maintains that the sewer in Choice Street has been extended to the boundary line of his farm, and that from there he could run a line only about 200 feet under or near his driveway to his dwelling without committing a trespass.

The appellant filed a demurrer to the amended answer, and from an order of the chancellor overruling the demurrer he has taken this appeal.

One ground of the demurrer is that Choice Street is not a dedicated street within the meaning of the act. Choice Street, which extends from Broadway to Bryrerly Street, was laid out more than fifty years ago on a plat filed in the Land Records of Harford County. Lots abutting on the street have been conveyed by owners of the title to the bed of the street by deeds describing

the lots as binding on the street. In 1925 a water main was laid and a fire plug was installed. The sewer line was laid in the street in 1934. Garbage collections from abutting properties have been made by order of the commissioners. For many years the abutting owners kept the street in repair, but the commissioners took over the maintenance of the street in 1937. The law is well established in this state that an intent on the part of an owner of land to dedicate it to public use is absolutely essential to constitute a dedication. *Tinges v. Baltimore,* 51 Md. 600, 609; *Pitts v. Baltimore,* 73 Md. 326, 332, 21 A. 52. When an owner lays off land in lots and sells them as bounding on certain streets, which are sufficiently designated, the streets are held to be dedicated to the public. *Lippincott v. Harvey,* 72 Md. 572, 577, 19 A. 1041. If the lots are described as binding on a street, and the street is shown on a public map or a private plat, such a designation raises an implied covenant that a public way exists; and unless the grantor uses language to show that he did not intend a dedication to public use, the presumption of dedication becomes conclusive. *Philadelphia, B. & W. R. Co. v. Baltimore,* 124 Md. 635, 640, 93 A. 146. In the case before us it was contended that the fact that Choice Street is a *cul de sac* rebuts any intention to dedicate the street to public use. But the court cannot hold that a street, which has been clearly dedicated, is not a public highway merely because it is a *cul de sac. Baltimore v. Gordon,* 133 Md. 150, 155, 104 A. 536.

In Maryland it is a well settled principle that, in order to establish the dedication of a street, it is unnecessary for the legal title to pass from the owner of the land. If a street is shown on a plat, which has been prepared either by authority or by the owner of the land, and the owner conveys lots binding on the street, there is a dedication of the street even though he continues to hold the fee simple title to the bed of the street. No deed is necessary to evidence the dedication; nor is any grantee *in esse* necessary to take the title. *McCormick*

*v. Baltimore,* 45 Md. 512, 523; *Baltimore v. Northern
Central Ry. Co.,* 88 Md. 427, 431, 41 A. 911. It has also
been held that, in the absence of any express stipulation,
.a municipal corporation is not required to accept a dedi-
cation within any particular time. *McCormick v. Balti-
more,* 45 Md. 512, 523. Moreover, the acceptance of a
dedicated street may be either express or implied, for
an implication of acceptance can arise either from the
fact that repairs have been made or paid for by the
municipal officials, or from a long use of the street by
the public. *Beale v. Takoma Park,* 130 Md. 297, 309,
100 A. 379. Evidence that the public may have used a
way over private property for some years does not of
itself establish the presumption that it has been accepted
by the authorities. *Baltimore v. Gordon,* 133 Md. 150.
155, 104 A. 536. And it has also been held that a deed
and plat are insufficient to establish .a public highway
until the conveyance has been accepted. *Whittington
v. Crisfield Commrs.,* 121 Md. 387, 392, 88 A. 232; *Mul-
lan v. Hochman,* 157 Md. 213, 225, 145 A. 554. From
all the allegations in this case, we conclude that Choice
Street has been dedicated and accepted as a public street.
However, it is open to question whether it has been
dedicated and accepted further than its intersection with
Bryrerly Street. *Canton Co. v. Baltimore,* 106 Md. 69,
66 A. 679, 67 A. 274.

The decision of this case rests upon the appellant's
second ground of demurrer, that none of his farm abuts
on Choice Street or on any other public highway of the
town except Hickory Road. It is alleged that the farm
is separated from Choice Street by property known as
the Harrison land. While a life tenant is considered as
an "owner" within the meaning of statutes authorizing
assessments for improvements (*Meanor v. Goldsmith,*
216 Pa. 489, 65 A. 1084; 44 *C. J., Municipal Corpora-
tions,* sec. 2878), the question in this case is whether the
appellant is an "abutting' owner." Inasmuch as his
property has no frontage on Choice Street, there is no
basis on which the front foot assessment authorized by

the Legislature could be calculated. In Illinois, where a statute authorized the levy of assessments in a defined district on all properties which could drain into a sewer, it was held that the city could assess any property in the district, even though the property did not abut on the sewer. *Walker v. City of Chicago,* 202 Ill. 531, 67 N. E. 369. But it has been held by the Supreme Court of Pennsylvania that the levy of assessments for a sewer on a certain avenue was confined, under the Pennsylvania statute, to lots which actually abutted on the avenue, and that no assessment could be made on any nonabutting property. *In re Park Ave. Sewers,* 169 Pa. 433, 32 A. 574. Likewise, the Supreme Court of Ohio has held that, since the Ohio statute authorized a levy on abutting properties by assessments apportioned according to the number of front feet, such assessments were valid only on lots which actually abutted on the improvement. *City of Cincinnati v. Batsche,* 52 Ohio St. 324, 40 N. E. 21; 25 *R. C. L., Special or Local Assessments,* secs. 26, 29; 5 *McQuillin, Municipal Corporations,* sec. 2202.

It is well recognized that when territory is annexed to a municipality it becomes subject to all the laws and ordinances by which it is governed, unless there is some statutory provision to the contrary. *Seattle Lighting Co. v. Seattle,* 54 Wash. 9, 102 P. 767; 43 *C. J., Municipal Corporations,* sec. 117. And we have held that statutes authorizing assessments according to the number of front feet, without any provision for preliminary hearings, are ordinarily not void as a taking of property without due process of law. *Lyon v. Hyattsville,* 125 Md. 306, 93 A. 919. The grant of authority to a municipal corporation to compel abutting property owners to connect with a sewer at their own expense is a valid exercise of legislative power. *Allman v. City of Mobile,* 162 Ala. 226, 241, 50 So. 238; 44 *C. J., Municipal Corporations,* sec. 4004; *District of Columbia v. Brooke,* 214 U. S. 138, 29 S. Ct. 560, 53 L. Ed. 941; *Hutchison v. Valdosta,* 227 U. S. 303, 33 S. Ct. 290, 57 L. Ed. 520. It

is apparent that a levy of assessments by frontage, as a convenient substitute for estimates of benefits conferred, is fair when applied to cities and large towns, where the small size of the lots usually makes it a reasonable method without causing injustice through inequalities. However, the front foot rule should never be employed when it can not be a fair standard by which to measure benefits. Accordingly, assessments by the front foot rule have been held unconstitutional when applied to rural lands, whether outside or inside the corporate limits of a city or town. *Seely v. Pittsburgh,* 82 Pa. 360. If a front foot assessment is obviously unjust and confiscatory, it violates article 23 of the Maryland Declaration of Rights and the Fourteenth Amendment to the Constitution of the United States. It has been distinctly held than an assessment for improvements takes private property for public use without compensation, and deprives the owner of his property without due process of law, if the property is not benefited by the improvements to an extent substantially equal to the amount of the assessment; and in such a case the aid of a court of equity can be invoked to prevent injustice. *White v. City of Tacoma* (C.C.), 109 Fed. 32; 25 *R. C. L., Special or Local Assessments,* sec. 65; 44 *C. J., Municipal Corporations,* sec. 3116.

The appellee complains that an overflow of sewage from the appellant's farm has been endangering the public health of Harford County. The appellant, denying this charge, says that there are adequate facilities for sewage disposal on his farm; that he never received any notice to connect with the sewerage system until five years after it was completed; and that the health department has ample authority to take any remedial action that might be necessary in the premises. The statute expressly provides that nothing contained therein shall restrict any control which the State Board of Health is empowered to exercise within the limits of Harford County. Acts of 1927, ch. 254, sec. 19.

Since the farm does not abut on Choice Street, and it would be unreasonable and unjust to compel the appellant to connect the dwelling with the sewer in Hickory Road, the order of the chancellor must be reversed.

*Order reversed, and cause remanded, with costs.*