NOHOWEL ET AL. *v.* HALL ET AL.

[No. 27, September Term, 1958.]

*Decided  November  14, 1958.*

162

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*J. Hodge Smith,* with whom were *Thomas M. Anderson, Jr.,* and *Kelley & Smith* on the brief, for the appellants.

*James R. Miller, Jr.,* with whom were *Miller & Miller* on the brief, for the appellees, the Halls.

*George Seymour Morgan,* with whom were *Dollak & Morgan* on the brief, for the appellee, Katherine Esther Hundley.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment in favor of the defendants for costs, after the court sustained, without leave to amend, a demurrer filed by a third party defendant (Hundley) to a third party declaration filed by the defendants (Hall) and to the original declaration filed against the Halls by the plaintiffs, Nohowel and Combined Contractors, Inc. (Nohowel). The declaration against the Halls alleged that the plaintiffs had entered into a contract on November 14, 1955, to purchase three adjoining lots, 409, 410, 411, in Woodmont Subdivision, Bethesda, in Montgomery County from the Halls. The contract provided that "the property is sold free of encumbrances", and that "the provisions hereof shall survive the execution and delivery of the deed aforesaid and shall not be merged therein." Final settlement was made in 1955, and a deed delivered and recorded. Subsequently, the plaintiffs learned that the lots were "encumbered with a storm drain easement evidenced by a large concrete storm drain pipe concealed below the surface of the ground and occupying the rear six feet by the full width thereof of all three lots described in said contract and deed." The plaintiffs "have been deprived of the use of a substantial portion of their property

because of the breach of the covenants and agreements" under said contract.

In response to a demand for particulars, the plaintiffs amplified their claim by alleging that the storm drain easement "is evidenced by a dedication plat prepared by [the] County Engineer, dated June 15, 1943, and signed by the affected property owners and by Katherine E. Hundley, predecessor in title of" the Halls. Upon applying for a building permit to construct a commercial office building upon said lots, the plaintiffs were advised that the County would not permit construction of footings, walls, or similar structures closer than three feet to the drain pipe which lies "concealed" below the surface of the ground across the rear of their lots, and that the plaintiffs were thereby deprived of the use of a six foot strip across the rear of their lots. The Halls filed general issue pleas to the declaration and also a third party declaration against Hundley, alleging that "should it be determined that a valid storm drain easement exists on the said property" and that the third party plaintiffs are liable to the plaintiffs for breach of covenant, they "claim judgment" against Hundley for breach of her covenant against encumbrances. The plaintiffs did not amend their original declaration or file any further pleadings.

The third party defendant demurred to the third party declaration and to the original declaration, on the grounds that the alleged easement was not recorded as required by law, and that the alleged easement was not an encumbrance. At the hearing on demurrer counsel for all of the parties filed a stipulation agreeing that the plat be filed in the proceedings as "Plaintiffs' Exhibit A", admitting that it was signed by Hundley and that it was not filed for record in Montgomery County up to the time of the institution of the suit. The plat shows a proposed storm drain across the rear of some twenty lots between Rugby Avenue and Old Georgetown Road. The purpose of the drain is not disclosed, but presumably it was intended to remove storm waters from the public roads. Under the heading "Owners' Dedication", and over the signatures of the owners, there is the statement: "We, the undersigned, owners of the property shown hereon do

hereby agree to the location of the sewer shown hereon through our respective properties and establish a 6 foot easement to public use for storm sewer only." There was no acknowledgment by the signers.

Under the stipulation, we think the exhibit may be treated as a part of the declaration or bill of particulars and reached by the demurrer. We may note, however, that as a general rule the allegations of a declaration cannot be amplified, although they may be limited, by a bill of particulars, and conversely, additional facts relied on by the defendant cannot be supplied on demurrer, although they may be on motion for summary judgment. The trial court held that because of the failure to record the plat, no valid easement was created, and hence there was no violation shown of the covenant against encumbrances.

A preliminary question was suggested in argument as to whether the appellees (Hall) have standing to rely upon the demurrer of the third party defendant (Hundley), when they did not demur to the original declaration but filed general issue pleas thereto. We think the appellee (Hundley) had standing to challenge by demurrer, not only the third party declaration, but also the original declaration. Rule 315 c 2 of the Maryland Rules provides: "The third party may also assert against the plaintiff on behalf of the defendant any defenses which the defendant has to the plaintiff's claim." Cf. General Rules of Practice and Procedure, part two, III, Rule 4(b). In the Explanatory Notes, Code (1947 Supp.), p. 2104, it is said: "If the plaintiff does not claim against him, the third party is not required to plead to the original claim; but since he will be bound by the judgment between the plaintiff and defendant, he may assert defenses of the defendant to the original claim." Cf. *Keitz v. National Paving Co.,* 214 Md. 479, 501. See also Federal Rule 14 (a), upon which our Rule was modeled, and comment in 1 Barron and Holtzoff, *Federal Rules,* §§ 421, 426. Clearly, a failure of the declaration to state a cause of action against the Halls would be a defense, both to the original action and the derivative action against Hundley.

Code (1957), Art. 21, sec. 1, provides that "No estate of

inheritance or freehold, or any declaration or limitation of use, or any estate above seven years, shall pass or take effect unless the deed conveying the same shall be executed, acknowledged and recorded as herein provided * * *." It is conceded that this section is applicable to deeds creating easements, and grants of or covenants for easements. *Lowes v. Carter,* 124 Md. 678, 685. Code (1957), Art. 17, secs. 59-61, permits the recording of subdivision plats, but does not seem to be applicable in the instant case. The Montgomery County Code (1955 Ed.), sec. 19-1, permits the recording of subdivision plats and also plats showing acquisitions by the County, or others, for "any street, avenue, public road, lane or alley * * * of which a plat is now required by the laws of this State to be recorded * * *." The reference here is apparently to Code (1957), Art. 25, sec. 138, requiring that where county commissioners, when authorized by local law, contract for rights of way for a road or road drainage, they shall cause a plat to be recorded. Sec. 19-3 provides that "No plat showing or containing a dedication of property to public use, for any purpose whatsoever, shall be recorded * * *" unless there be stated thereon the area in square feet of the land dedicated. Sec. 19-6 provides that "Such plats, when filed for record * * * shall have the same force and effect as to notice as is now given to properly recorded deeds." Sec. 19-7 provides that "When the plats are so recorded, those portions of land designated on the plats as streets, roads, avenues, lanes, alleys and public parks or squares shall be and the same are hereby declared to be forever dedicated to public use * * *." Under the local code, secs. 26-10, 26-11 and 26-12, it would appear that the County Council of Montgomery County has authority to acquire, by purchase or condemnation, interests in land for purposes of road drainage, although there is no express reference to storm sewers, as such. If so, it seems it would be required to record a plat of the land so acquired. Perhaps it could be implied that it is also required to record plats of land dedicated for that purpose. If so, it might be argued that the statutory requirement is a limitation upon the authority to acquire an easement, but there is authority to the contrary in other

states. See note, 63 A. L. R. 667. In any event, it is clear that an unrecorded plat would not afford constructive notice to anyone.

The appellants contend that there was a valid common law dedication, relying upon the statement on the plat as an offer to dedicate, and upon the construction and maintenance of the storm sewer, at public expense, as an acceptance by the County. Although the plat was prepared by the County Engineer, it was not approved by any county official, the spaces provided therefor being left blank. Perhaps acceptance could be implied from the acts in *pais*. Cf. *City of Baltimore v. Broumel*, 86 Md. 153, 158, and *Cox v. Anne Arundel County*, 181 Md. 428, 432; note, 52 A. L. R. 2d 263. For present purposes we will assume that there could be a common law dedication of the storm sewer and that the County had authority to accept it. But there remains the question as to its binding effect upon a *bona fide* purchaser without actual or constructive notice.

In *Smith v. Shiebeck*, 180 Md. 412, 419, 420, it was said: "In Maryland no particular form or ceremony is necessary to dedicate land to public use. No deed is necessary to evidence a dedication, nor any grantee in *esse* to take the title. *Harlan v. Town of Bel Air*, 178 Md. 260, 13 A. 2d 370. As dedication is purely a question of intention, any act of a landowner clearly manifesting such an intention is sufficient. *Lonaconing, M. & F. Ry. Co. v. Consolidation Coal Co.*, 95 Md. 630, 634, 53 A. 420. The intention to dedicate may be implied from the conduct of the landowner. * * * Thus, the question of dedication rests largely upon the ground of estoppel. *Mayor and City Council of Baltimore v. Frick*, 82 Md. 77, 83, 33 A. 435 * * *." For a discussion of the requirements of intention and acceptance, see *Blank v. Park Lane Center, Inc.*, 209 Md. 568, 574, *State Roads Comm. v. Teets*, 210 Md. 213, 227, and *Hackerman v. City of Baltimore*, 212 Md. 618, 625.

As to the theory of estoppel, referred to in the language quoted above, some writers maintain that dedication is older than estoppel and that the true theory is that of implied grant. Tiffany, *Real Property* (3d Ed.), § 1110; 16 Harv. L. Rev.

128. If an estoppel could be raised against the appellee, Hundley, it could hardly apply to the appellees, Hall, in the absence of allegations charging them with notice of the existence of the alleged easement. In *Libertini v. Schroeder,* 149 Md. 484, 492, it was said: "* * * without actual or constructive knowledge, the appellee as a *bona fide* purchaser for value was not bound by any estoppel of his grantor." Cf. *Harbor Co. v. Smith,* 85 Md. 537, 543. Even on the theory of implied grant, we recently held in *Mitchell v. Houstle,* 217 Md. 259, 265, that a claim of easement by implied grant could not be sustained, where it was shown that the underground sewer pipe beneath the servient property was not reasonably apparent or visible to an innocent purchaser. See also *Kelly v. Nagle,* 150 Md. 125, 132. These cases are not directly in point, because they dealt with implied grants in deeds rather than common law dedications, but the analogy seems clear. In *Baltimore v. Brack,* 175 Md. 615, 622, it was said that "unrecorded grants of easements in land must give way to a grant of the fee, and * * * apart from a prescriptive right, an easement is an interest in land which cannot be created except in the mode and manner prescribed by the recording statutes of this state". In that case the Court did not consider whether the underground water main could have been the subject of a common law dedication to the City, but apparently assumed it could not. In any event, the case involved a mere oral license, which was subject to revocation even by a purchaser with notice.

It has been held in other states that a common law dedication, accepted by a municipal corporation, is not effective as against a *bona fide* purchaser without notice, actual or constructive. See *City of Spokane v. Catholic Bishop of Spokane,* 206 P. 2d 277 (Wash.) ; *Sexton v. Corporation of Elizabeth City,* 86 S. E. 344 (N. C.) ; *Schuchman v. Borough of Homestead,* 2 A. 407 (Pa.) ; *Macari v. Marandola,* 9 A. 2d 21 (R. I.) ; and Anno., 44 L. R. A. (N. S.) 231. Cf. *Hooper v. Haas,* 164 N. E. 23 (Ill.). See also, notes, 42 Harv. L. Rev. 837, and 10 Calif. L. Rev. 419. We think that the allegations of the declaration and bill of particulars import that the appellees, Hall, had no actual notice of the

plat or drain, and that there were no indications upon the property to reasonably charge them with notice of the "concealed" drain. Accordingly, we hold that the alleged dedication was not effective as to them to establish an easement. We are not unmindful of the fact that the County is not a party to this proceeding, and therefore leave open any questions as to extent to which it may be bound by this ruling on demurrer, or its rights, if any, against the alleged dedicator. In view of our conclusion, we find it unnecessary to consider the appellees' contention that in any event the drain or an easement to maintain the drain was not an "encumbrance" within the meaning of the covenants in question.

*Judgment affirmed, costs to be paid by the appellants.*