## THE NEW ORLEANS AND CARROLLTON RAILROAD COMPANY *v.* THE TOWN OF CARROLLTON.

It would be a breach of good faith to the public and to individuals to resume possession of portions of ground which have been deliberately didicated for streets, or over which the public has notoriously exercised a right of passage for more than ten years, which of itself would give the public a right of way without any dedication.

No particular form or ceremony is necessary in the dedication of land to public use; all that is required is, the assent of the owner, and the fact of its being used for the public purposes intended by the appropriation. But when the dedication is not express, and is to be inferred from the acts and conduct of the owner, and the use by the public, these ought to be such as to exclude any other hypothesis but that of dedication. In all such cases, the consent of the owner must appear clearly.

If a peice of ground be left unenclosed for the convenience of the owner, who uses it for a specific purpose in the usual course of his business, the fact that he does not exclude persons from passing through it, or that, when the ground is within the limits of a town, he has represented it as open and unenclosed, as it really was at the time, upon a plan on which he has sold other town lots not necessarily connected with that open space, cannot under any circumstances be fairly considered as proof of a dedication, to public use, of the ground thus left open.

APPEAL from the District Court of Jefferson, *Clarke,* J. *Benjamin* and *Micou,* for the appellants. *Preston,* for the defendants. The opinion of the court was pronounced in this case, on the 22d of November, 1847, by

ROST, J. The plaintiffs complain that the council of the town of Carrollton have caused to be demolished certain fences and enclosures erected by them opposite to, and at the upper end of, First street, on the line of Canal avenue, at the intersection of Levée and Madison streets, and on Hampton street opposite Dublin street, all those fences and enclosures being, as they allege, on their property, within the incorporated limits of said town. They pray that the corporation be forever enjoined from disturbing the fences and enclosures they may erect around the same ground, and adjudged to pay damages for their illegal acts.

The defendants admit the acts charged against them, but aver their legality, on the ground that the places enclosed had long previously been dedicated to public use by the plaintiffs, and that the corporators of the city of Carrollton, and all other persons, have notoriously used and enjoyed them as such for more than ten years before the institution of this suit. They further allege that the plaintiffs sold at auction lots on Dublin street, and represented as public places on the plan adduced at the sale those portions of ground which they have since attempted to enclose; and that the town of Carrollton, and many of the corporators, have acquired town lots on Dublin street with reference to that plan. They ask for judgment in their favor; and set up in reconvention a claim for damages. They obtained judgment with $250 damages, and the plaintiffs appealed.

We agree with the plaintiffs' counsel that the plaintiffs were not bound by their charter to continue First street to the Mississippi river, and that they might originally have enclosed their grounds, so as to retain the exclusive ownership of them; but they cannot now, without a breach of good faith to the public and to individuals, resume the possession of that portion of them which they have deliberately dedicated for streets, or over which the public has notoriously exercised a right of passage during more than ten years. *City of Cincinnati* v. *Lessee of White*, 6 Peters, 439. *Barclay et al.* v. *Howell's Lessee*, 6 Peters, 498.

The plan on which the plaintiffs sold town lots on Dublin street represented that street as opened from the western line of Second street to the prolongation of the eastern line of First street. It also represented First street as opened in its whole breadth, except so far as occupied by, the railways between the car-house and Canal avenue. From that line to Madison street the eastern side only can be considered as an open lawn, the western side being occupied by the buildings and shops of the company. The purchasers of lots on Dublin street purchased with reference to that plan, and the plaintiffs have no right to enclose the portions of it not occupied by the railway. The eastern side of First street, from Madison street to Canal avenue, has benn notoriously used as a public road for more than ten years. This would give the public a right of way without any dedication.

The plaintiffs had the right to enclose that portion of their ground forming the western side of the continuation of First street, between Dublin and Madison streets, and on that ground the judgment must be reversed.

The judgment is therefore reversed; and it is ordered that the defendants be forever enjoined from disturbing the fences and enclosures which the plaintiffs may erect on the western side of their car-house and of their railways, as they may at any time exist between Dublin and Madison streets. It is further ordered that the defendants pay the costs in both courts; and that the remainder of the plaintiffs' claim be dismissed.

---

## SAME CASE—ON A RE-HEARING.

THE final judgment of the court was pronounced by
Rost, J.[*] Both parties having applied for a re-hearing, we will first examine the grounds upon which the application of the defendants rests. They complain that while the opinion of the court is in their favor on every claim set up by them, except the claim for damages, the court reverses the judgment, and decrees in favor of the plaintiffs what was never in any manner, way, or shape, in thought, word or deed, controverted by the defendants, to wit, that the plaintiffs had the right to enclose that portion of their ground forming the northern side (the court erred in calling it the western side,) of the continuation of First street between Dublin and Madison streets. We copy from the original brief of the counsel who makes this application, what follows:

"The reasonable interpretation of the fourth section of the act incorporating the Railroad Company is that, First street should be extended to the river,

---

[*] SLIDELL, J., being a stockholder in the Railroad Company, did not sit on the trial of this case.

NEW ORLEANS
AND CARROLL-
TON RAILROAD
COMPANY
v.
CARROLLTON.

and that the passage through the same should be preserved. The fifth section of the act, authorizing the company to expropriate the land of others, forces them to furnish the street *on each side* of the railroad to the Mississippi river; and the defendants have the right to compell the company to take up the road in Madison street, unless they open First street to it, and passable streets *on both sides.*"

Such palpable contradictions require no comment. A street was expressly claimed on both sides of the railway, up to Madison street.

The defendants' counsel now asserts that the five posts cut down at the upper end of First street were all between the railway and the southern line of said street, and were intended only by the plaintiffs to block up the south side, not the north side, which he says the town never claimed. This may be so; but the counsel did not so represent it in his argument, and the evidence does not make it certain. The line of intersection of First and Levée streets occupies the whole south side of First street, crosses the railway, and extends some distance north of it to the point where it intersects the line of Madison street. Nothing in the record shows that no posts had been placed north of the railway; and if there is error in the judgment in this respect, it is the result of the argument of counsel and of the loose manner in which the facts of this part of the case have been placed before the court. It is unnecessary, however, to determine the question.

The counsel for the plaintiffs insists that there has been no dedication of the prolongation of First street on the northern side of the railway, between Canal Avenue and Dublin street. We held that the plaintiffs could not, without a breach of good faith to the public and to individuals, resume the possession of those portions of ground, which they had deliberately dedicated for streets, or over which the public has notoriously exercised a right of passage during more than ten years. We consider the plan under which the plaintiffs sold a portion of their town property, and on which the ground alluded to is represented as open, and the use which persons on foot appear to have had of it since the establishment of the railroad, as sufficient proofs of dedication. It would have been so, if the plaintiffs had had no object in leaving the space open, and had not made a continuous use of the ground in the ordinary business of the company. But the evidence shows that, from the time the plaintiffs commenced to construct the railroad to the present day, this space has been used as a place of deposit for railroad iron and all other materials required for it; that it has never been in a situation to be used as part of the public highway; and that it is more convenient than any other for the purposes to which it is applied by the company.

We admit that there is no particular form or ceremony necessary in the dedication of land to public use, and that all that is required is the assent of the owner of the land, and the fact of its being used for the public purposes intended by the appropriation. *Jarvis* v. *Dean*, 3 Bingham, 447. But when the dedication is not express, and is to be inferred from the acts and conduct of the owner and the user by the public, these ought to be such as exclude any other hypothesis but that of dedication. In all such cases, the consent of the owner must clearly appear.

We were of opinion that this case came within the rule adopted by Lord Ellenborough, in *Rex* v. *Lloyd*, 1 Camp. 162, "that if the owner of the soil throws open a passage, and neither marks by any visible distinction that he means to preserve all his rights over it, nor excludes persons from passing

through it by positive prohibition, he shall be presumed to have dedicated it to the public." Upon mature reflection, we think, as our predecessors appear to have thought in the case of the *City of Lafayette* v. *Holland et al.*, 19 La. 286, that the rule itself is laid down too broadly; and that, if a piece of ground is left unenclosed for the convenience of the owner, who uses it for a specific purpose in the usual course of his business, the fact that he does not exclude persons from passing through it, or that, when the ground is situated within the limits of a town, he has represented it as open and unenclosed, as it really was at the time, upon a plan on which he has sold other town lots, not necessarily connected with that open space, cannot, under any circumstances, be fairly considered as proof of the dedication of the ground thus left open, to public use. Nor do we think that the division, on the plan, of the square fronting upon this open space into building lots, as entitled to much weight, when it is shown that none of those lots have been sold. The intention of the owner to make the dedication is far from being manifest, and his acts and conduct may be easily explained otherwise than by a dedication, especially when witnesses testify, as they do here, that the place could not have been dedicated to public use, without manifest injury to the company. The plan in this case did not give a new destination to this portion of ground; it was a mere picture of it, as it stood. We are satisfied that the lots sold by the plaintiffs in the other streets, were purchased with reference to the pre-existing state of things, and that no one purchased under the belief that the plan would give to the public any rights which it had not before.

The error assigned by the plaintiffs' counsel has been shown, and the judgment must be amended in that respect.

It is therefore ordered that the judgment rendered by this court on the 22d November last, (*supra* p. 282) be amended by inserting therein the word *northern* instead of *western*, and that the defendants be forever enjoined from disturbing the fences and enclosures which the plaintiffs may erect at the intersection of First street and Canal Avenue, north of the line of the railway, and also at the intersection of First street, north of the line of the railway and Dublin street, leaving the said Canal Avenue and Dublin street open in their whole breadth across First street. It is further ordered that the judgment as amended be affirmed.