## TONAWANDA *v.* LYON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF NEW YORK.

No. 214.   Argued February 26, 1901.—Decided April 29, 1901.

It was not the intention of the court in *Norwood* v. *Baker*, 172 U. S. 269, to
hold that the general and special taxing systems of the States, however
long existing and sustained as valid by their courts, have been subverted
by the Fourteenth Amendment to the Constitution of the United States;
but the purpose of that amendment is to extend to the citizens and resi-
dents of the States the same protection against arbitrary state legislation,
affecting life, liberty and property, as is afforded by the Fifth Amendment
against similar legislation by Congress.

THIS was the case of a bill in equity filed in the Circuit Court
of the United States for the Northern District of New York
on September 9, 1899, by James B. Lyon, a citizen of the State
of New York, against the town of .Tonawanda, a municipal
corporation of that State, and John K. Patton, supervisor of
said town. The object of the bill was to restrain the defend-
ants from enforcing payment of a certain assessment against
tracts or parcels of land belonging to the complainant, situated
in the town of Tonawanda, and abutting on Delaware street in
said town. The assessment was levied against said tracts of
land to meet the expense of grading and paving said street, in
pursuance of the provisions of statutes of the State of New York
and of an order of the town board of Tonawanda. The princi-
pal matter complained of was that the method of meeting the
expense of grading and paving the said street was by assessing
the same against the lots abutting on the street according to
frontage thereon, and that the statutes and proceedings there-
under, which provided for, that method, were contrary to the
provisions of the Constitution of the United States, in that
thereby the land of the complainant would be taken for public
use without just compensation and he would be deprived of his
property without due process of law.

The case came on for final hearing on bill, answer and a stipulation of facts, and on January 17, 1900, the Circuit Court decreed, among other things, as follows:

"That those parts of the acts of the legislature of the State of New York mentioned and set forth in plaintiff's bill of complaint, to wit, of chapter 550 of the laws of the State of New York for the year 1893, and of chapter 816 of the laws of the State of New York for the year 1895, which authorized and required the town board of said town to levy the assessment for the entire expense of paving said Delaware street, set forth in the bill of complaint, upon the complainant's said parcels of land described in said bill of complaint and the other lands fronting on said Delaware street, and the acts of the said defendant, the town of Tonawanda, by its town board, mentioned in said bill of complaint, in levying said assessments upon said lands according to the rule prescribed in said acts of said legislature, to wit, in the proportion which the number of front feet of each of said lots and parcels of land bounding and fronting on said Delaware street in front of which said improvement of paving said street was made, and which are assessed therefor in and by said assessment, bear and are to the aggregate number of feet of frontage of all the lots of land so bounding on the portion of said street in front of which said improvement was made, was and were, and each and every of said provisions of said acts of the legislature of the State of New York and all acts of said defendant, the town of Tonawanda, in levying said assessment in the manner and form aforesaid, are wholly unconstitutional and void, as being contrary to the provisions of the Constitution of the United States."

And thereupon the town of Tonawanda and John K. Patton as supervisor of said town were forever enjoined and restrained "from in any manner collecting or enforcing payment of such assessments against said complainant or his land or property." 98 Fed. Rep. 361.

On January 17, 1900, an appeal from said decree to this court was prayed for and allowed.

*Mr. John Cunneed* for Tonawanda.

*Mr. Tracy C. Becker* for Lyon.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

The complainant in the court below did not put his claim for equitable relief upon any allegation that, in the proceedings to pave Delaware street and to assess the cost of the improvement upon the abutting property, there had been any departure from the provisions of the statute, or that there had been attempted any discrimination against him or his property. Nor was it denied that it is the settled law of the State of New York that the method prescribed, of meeting the expense by apportioning the entire cost of such an improvement upon the abutting land according to the foot-front rule, is a valid exercise of legislative power. *The People* v. *Mayor &c.*, 4 N. Y. 419; *Spencer* v. *Merchant*, 100 N. Y. 585.

What was claimed was that a state statute, which directs municipalities to assess the whole expense of paving any highway therein upon the lands abutting upon the highway so improved in proportion to the feet frontage of such lands, without providing for a judicial inquiry into the value of such lands and the benefits actually to accrue to them by the proposed improvement, is unconstitutional and void. And it was held by the court below that, notwithstanding the courts of the State may have held otherwise, it was its duty to follow the decision of this court in the case of *Norwood* v. *Baker*, 172 U. S. 269, which was regarded by the court below as establishing the principle contended for, and accordingly the defendants were enjoined from enforcing payment of the assessment. But we think that, in so understanding and applying the decision in *Norwood* v. *Baker*, the learned judge extended the doctrine of that case beyond its necessary meaning.

It was not the intention of the court, in that case, to hold that the general and special taxing systems of the States, however long existing and sustained as valid by their courts, have been subverted by the Fourteenth Amendment of the Constitution of the United States. The purpose of that amendment is to extend to the citizens and residents of the States the same

protection against arbitrary state legislation affecting life, liberty and property, as is afforded by the Fifth Amendment against similar legislation by Congress. The case of *Norwood* v. *Baker* presented, as the judge in the court in the present case well said, "considerations of peculiar and extraordinary hardships," amounting, in the opinion of a majority of the judges of this court, to actual confiscation of private property to public use, and bringing the case fairly within the reach of the Fourteenth Amendment.

The facts disclosed by the present record do not show any abuse of the law, nor that the burdens imposed on the property of the complainant were other than those imposed upon that of other persons in like circumstances; and it is obvious, from expressions in the opinion of the trial judge, that he reached his conclusion because constrained by what he understood to be the principle established by the *Norwood* case.

It is unnecessary to enter into an examination of the authorities on this subject, as that has recently been done in *French* v. *Barber Asphalt Paving Co.*, in error to the Supreme Court of the State of Missouri, and in *Wight* v. *Davidson*, on appeal from the Court of Appeals of the District of Columbia, in the former of which the effect of the Fourteenth, and, in the latter, that of the Fifth Amendment, was considered. 181 U. S. 324, 371.

There were other questions passed upon in the trial court and discussed in the briefs, but the conclusion we now reach renders it unnecessary for us to consider them.

*The decree of the Circuit Court is reversed and the cause is remanded to that court with directions to dismiss the bill of complaint.*

MR. JUSTICE HARLAN, (with whom concurred MR. JUSTICE WHITE and MR. JUSTICE McKENNA,) dissenting.

My views touching the general questions arising in this case have been expressed in *French* v. *Barber Asphalt Paving Company* and in *Wight* v. *Davidson*, just determined. I adhere to those views, and therefore dissent from the judgment in this case. As stated by the Circuit Court, the special assessment in question was "in the proportion which the number of front feet

of each of said lots and parcels of land bounding and fronting on said Delaware street in front of which said improvement of paving said street was made, and which are assessed therefor in and by said assessment, bear and are to the aggregate number of feet of frontage of all the lots so bounding on the portion of said street in front of which said improvement was made."

The case, therefore, is one in which, beyond question, private property is specially assessed by the front foot, in the interest of the whole public, for the entire cost of paving a highway, without reference to any special benefits accruing to it, and without the owner of the property being permitted to show that such cost amounts to the confiscation of his property to the extent that it substantially exceeds special benefits, or that it exceeds the value of the property assessed.

The court says that it was not the intention of this court in *Norwood* v. *Baker*, to hold " that the general and special taxing systems of the States, however long existing and sustained as valid by their courts, have been subverted by the Fourteenth Amendment of the Constitution of the United States." The contrary was not asserted by the learned judge of the Circuit Court, nor has any one in this case contended that the Fourteenth Amendment subverted the taxing systems of the States. But it was contended, and such is my position, that nothing can be done by or under the authority of a State in violation of that Amendment. After that Amendment became part of the Constitution, the only provisions in the state taxing laws or systems that ceased to have operation were those that were inconsistent with the Amendment. No one, I assume, will dispute that proposition.

The court also says that the purpose of the Fourteenth Amendment " is to extend to the citizens and residents of the States the same protection against arbitrary state legislation affecting life, liberty and property, as is afforded by the Fifth Amendment against similar legislation by Congress." I assent most cordially to this view, and therefore, in another case, felt obliged to express my objection to the intimation that possibly that might be done by Congress under the due process clause of the Fifth Amendment which could not be done by a State under the same clause of the Fourteenth Amendment.