## DETROIT *v.* PARKER.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF MICHIGAN.

No. 411.   Argued February 26, 1901.—Decided April 29, 1901.

*Cass Farm Company* v. *Detroit, ante,* 396, followed in holding that it was
not the intention of the Fourteenth Amendment to subvert the systems
of the States pertaining to general and special taxation; that that amend-
ment legitimately operates to extend to the citizens and residents of the
States the same protection against arbitrary state legislation affecting life,
liberty and property, as is afforded by the Fifth Amendment against simi-
lar legislation by Congress; and Federal courts ought not to interfere when
what is complained of is the enforcement of the settled laws of the State,
applicable to all persons in like circumstances and conditions, but only
when there is some abuse of law, amounting to confiscation of property,
or deprivation of personal rights, as was instanced in the case of *Nor-
wood* v. *Baker,* 172 U. S. 269.

THE case is stated in the opinion of the court.

*Mr. Timothy E. Tarsney* for appellants.

*Mr. Elbridge F. Bacon* for appellee.

MR. JUSTICE SHIRAS delivered the opinion of the court.

This was the case of a bill in equity filed in the Circuit Court
of the United States for the Eastern District of Michigan by
Ralzemond A. Parker, a citizen of the State of Michigan,
against the city of Detroit and certain officers of said city,
seeking to set aside certain assessments and tax sales of com-
plainant's land for the paving of Woodward and Blaine avenues
in the city of Detroit.   The paving in question was done in pur-
suance of certain statutes of the State of Michigan, constitut-
ing the charter of the city of Detroit, and of ordinances of the
common council of said city.

There was no allegation or proof that, in the proceedings

which resulted in the making of the improvements and in assessing complainant's lots for a portion of the costs thereof, there had been any disregard of the provisions of the statutes and ordinances, or that complainant's property had been charged differently from that of the other lot owners. Nor was it alleged that the portion or share of the cost of making the improvements assessed against complainant's property in point of fact exceeded the benefits accruing to each property by reason of such paving.

The only foundation of the bill was the allegation that "the said statutes and ordinances providing for the paving and grading of streets are in violation of the rights of the complainant under the Fourteenth Amendment of the Constitution of the United States, in that they do not provide for any hearing or review of assessments at which the property owner can show that his property was not benefited to the amount of such assessments, but that the same shall be made arbitrarily according to the foot front."

The case was thus disposed of by the learned judge in the Circuit Court:

"It is the claim of complainant that the charter, in the provisions mentioned, that the entire cost of the street improvements, except for street and alley crossings, etc., shall be assessed against the abutting property by the fronting measurement, without any regard to the special benefits received by the property or their relation to the cost of the improvement, is in conflict with the Fourteenth Amendment of the Constitution of the United States, and is null and void; that such legislation constitutes taking of property without just compensation, and is a denial of equal protection of the law. The case of the village of *Norwood* v. *Baker*, 172 U. S. 269, is the foundation for this position, and seems fully to sanction it. . . . The Supreme Court of Michigan has declined to depart from its decisions sustaining the constitutionality of like statutes providing for assessments per foot front, on the ground that the ruling in *Baker* v. *Norwood* must be confined to the facts of that case and has no application to an assessment for paving. With all respect for that learned tribunal, I am constrained under the

cases cited, to a different opinion of the decision, and to follow the Supreme Court of the United States upon the construction of the Fourteenth Amendment of the Federal Constitution."

Accordingly a decree was entered in accordance with the prayer of the bill, and a perpetual injunction was issued. *Parker* v. *City of Detroit,* 103 Fed. Rep. 357.

This court has just decided, in the case of *Cass Farm Company* v. *Detroit,* affirming a judgment of the Supreme Court of Michigan, that "it was not the intention of the Fourteenth Amendment to subvert the systems of the States pertaining to general and special taxation ; that that amendment legitimately operates to extend to the citizens and residents of the States the same protection against arbitrary state legislation affecting life, liberty and property, as is afforded by the Fifth Amendment against similar legislation by Congress, and that the Federal courts ought not to interfere when what is complained of is the enforcement of the settled laws of the State, applicable to all persons in like circumstances and conditions, but only when there is some abuse of law, amounting to confiscation of property or deprivation of personal rights, as was instanced in the case of *Norwood* v. *Baker,*" *ante,* 396.

Like conclusions were reached, after a full consideration of the authorities, in *French* v. *Barber Asphalt Paving Company* and in *Wight* v. *Davidson, ante,* 324, 371.

*The decree of the Circuit Court is reversed, and the cause is remanded to that court with directions to dismiss the bill of complaint.*

MR. JUSTICE HARLAN, (with whom concurred MR. JUSTICE WHITE and MR. JUSTICE McKENNA,) dissenting.

The controlling question in the above case is the same as is presented in *French* v. *Barber Asphalt Paving Co., ante,* 324, *Wight* v. *Davidson, ante,* 371, and *Tonawanda* v. *Lyon, ante,* 389, just decided. For reasons stated in my opinions in those cases, I dissent from the opinion and judgment of the court in this case.