## SHUMATE *v.* HEMAN.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 550.  Argued February 27, 1901.—Decided April 29, 1901.

*French* v. *Barber Asphalt Paving Co.,* again followed in holding that the contract in question in this case made for the construction of a sewer and the assessment against the property of the plaintiff in error for the cost of making it were not null and void.

THE case is stated in the opinion of the court.

*Mr. G. B. Webster* for Shumate.  *Mr. Hiram J. Grover* and *Mr. Hamilton Grover* were on his brief.

*Mr. David Goldsmith* for Heman. *Mr. Robert E. Collins* and *Mr. H. P. Rodgers* were on his brief.

MR. JUSTICE SHIRAS delivered the opinion of the court.

This was a suit brought in the Circuit Court of the city of St. Louis by August Heman to enforce payment of a special tax bill issued in his favor by that city for the construction of a sewer in what is called Euclid avenue sewer district. The plaintiff recovered a judgment, and the defendants, who were owners of property assessed for the cost of making said sewer, appealed to the Supreme Court of Missouri, where the judgment of the trial court was affirmed, the case being reported as *Heman* v. *Allen*, 156 Mo. 534; and after such affirmance the defendant brought the case to this court by writ of error.

The only question which is open to our consideration upon this record is the contention of the plaintiff in error, that the provisions of the charter of the city of St. Louis, the ordinances of the municipal assembly, the contract with the defendant in error made thereunder, and the assessment against the property of the plaintiff in error for the cost of the construction of said sewer, were null, void and of no effect, for the reason that they were repugnant to the Fourteenth Amendment of the Constitution of the United States, as construed and applied in the case of *Norwood* v. *Baker*, 172 U. S. 269.

This contention has been considered and determined, under a similar state of facts, by this court, in the recent case of *French* v. *The Barber Asphalt Paving Company, ante*, 324, in error to the Supreme Court of the State of Missouri, and upon the authority of that case the judgment of the Supreme Court of Missouri is

*Affirmed.*

MR. JUSTICE HARLAN, (with whom concurred MR. JUSTICE WHITE and MR. JUSTICE MCKENNA) dissenting.

The controlling question in this case is the same as is presented in *French* v. *Barber Asphalt Paving Co., ante*, 324, *Wight* v. *Davidson, ante*, 371, and *Tonawanda* v. *Lyon, ante*, 389, just decided. For the reasons stated in my opinions in those cases, I dissent from the opinion and judgment of the court in this case.