(34 South. 90.)

No. 14,387.

BRUNING v CHADWICK.*

(March 2, 1903.)

MUNICIPAL IMPROVEMENTS—CONSTRUCTION OF SIDEWALKS—LIABILITY OF PROPERTY OWNER.

1. The issues in this case are similar to those in Kelly v. Chadwick, 29 South. 295, 104 La. 719, and the views there expressed are adhered to.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Henry J. Bruning against E. H. Chadwick. Judgment for plaintiff. Defendant appeals. Affirmed.

George L. Bright, for appellant. Buck, Walshe & Buck, for appellee.

PROVOSTY, J. The plaintiff brings this suit to recover from the defendant an amount alleged to be due for the proportional share of the defendant's property in the cost of the construction of sidewalks along the front of the property under contracts let in pursuance of ordinances of the city council of the city of New Orleans, where the property is situated. Defendant filed a plea of no cause of action. The lower court sustained this plea. This court, however, overruled the plea, and ordered the case to be proceeded with according to law. Thereupon defendant filed an answer, in which, after pleading the general denial, he makes a number of special defenses which we shall take up and dispose of in the order in which they are presented in the brief of defendant.

1. That no cause of action is stated in the petition. This point was considered and disposed of when the case was before this court on the exception of no cause of action. 104 La. 718, 29 South. 301.

*Rehearing denied March 30, 1903.

2. That the ordinance recited in the plaintiff's petition was never passed, and that notice of intention to pave the street was not published as required by law. Under express statute, Act No. 73 of 1876, p. 117, § 3, the mayor's action in signing the contract for the paving of the street is made prima facie proof of the due observance of all the antecedent forms and requirements of the law. If, then, the ordinance was not adopted, and the intention to pave the street was not published, the burden was on the plaintiff to show the fact; and he has not done so.

3. The next ground of defense, as we understand it, is that in the bid made by the contractor for doing the work of which the cost is now being claimed the street on which defendant's property is situated was included with another street on which defendant had no property, whereas under the law the work on each street must be made the subject of separate proceedings. The bid was of so much per cubic yard of filling, per lineal foot of drain pipe, per square yard of brick pavement, per thousand feet of lumber, etc. In the absence of proof or suggestion that the cost of these things was not necessarily the same on both streets, we see no merit in this defense.

4, 5. That the ordinances and laws under which the work in question was done and under which the plaintiff claims are illegal, because they are repugnant to the provisions of the Constitution of the United States against depriving a person of his property without due process of law, and against denying the equal protection of the laws; and, further, because by requiring that the contractor shall not employ on the work any laborers except bona fide residents of the city of New Orleans, these laws and ordinances violate the provisions of the Constitution of the United States by which "the citizens of each state shall be entitled to all the privileges and immunities of citizens of the several states."

These questions were passed on adversely in the case of Kelly v. Chadwick, 104 La. 719, 29 South. 295, affirmed by the Supreme Court of the United States on writ of error. 23 Sup. Ct. 175, 47 L. Ed. ——.

6. That the specifications of the advertisement calling for bids on the work were not sufficiently particular in the following re-

spects: First, that bids were called for David street and Bienville street together, instead of for each of these streets separately; second, that the amount of filling is left to the discretion of the city engineer; third, that the number of feet of drain pipe to be laid is not specified. As the advertisement calling for bids is not in the record, we cannot tell whether it embraced two streets or only one. As the filling was to be paid for per cubic yard, and the pipe per lineal foot, we fail to understand why it is claimed that the specification was lacking in particularity.

7. The next defense is that the ordinance is illegal, because, first, the specifications and the contract provide that the property owner shall pay for the work done in front of his property, instead of providing that he shall pay his proportional share of the cost of the pavement as a whole, this share to be computed by the frontage of his property; and because, second, they provide also that payment shall be made by the owner on the completion and acceptance of every two blocks, whereas the law requires that payment shall be made on the completion of the whole work.

On this point the case is identical with that of Kelly v. Chadwick, 104 La. 719, 29 South. 295. We adhere to the views there expressed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from, in so far as maintaining the legality or constitutionality of the ordinances and contract in question is concerned, be affirmed, with costs in both courts.