(118 So. 134)

No. 28662.

## DONALDSON'S HEIRS v. CITY OF NEW ORLEANS.

July 11, 1927.

On the Merits July 2, 1928.

Rehearing Denied July 20, 1928.

William Winans Wall, of New Orleans, for appellants.

Bertrand I. Cahn, City Atty., Francis P. Burns and Henry B. Curtis, Asst. City Attys., all of New Orleans, for appellee.

### On Motion to Dismiss.

ST. PAUL, J. Plaintiffs, claiming to be the owners of a certain portion of ground, prayed for judgment against defendant canceling and erasing a certain paving assessment levied upon said land, and perpetually enjoining defendant from collecting or attempting to collect the same; also that they be recognized as the owners of a certain strip taken off said land for street purposes, and either restored to the possession of said strip or allowed the value thereof and the damages to the rest of the land by reason of said taking.

A preliminary injunction issued in due course; and afterwards there was a full trial on the merits. Whereupon there was judgment "dismissing said plaintiffs' suit at their cost."

### I.

▉ Some fifteen days after the rendition and signing of said judgment, plaintiffs took a devolutive appeal therefrom; and defendant moves to dismiss said appeal on the ground that under the provisions of Act 29 of 1924, p. 45, any appeal, whether "devolutive or suspensive, must be taken * * * within ten days from entry" of the order or decree granting or refusing an injunction (vide section 5).

### II.

Act 29 of 1924, as appears from the title thereof, purports to regulate procedure and practice *only* "in respect of temporary restraining orders and preliminary writs of injunction"; and therefore applies only to *interlocutory* judgments granting, continuing, refusing, or dissolving, *pendente lite*, temporary restraining orders and preliminary injunctions.

But where, as in this case, a preliminary injunction has been allowed *pendente lite*, and is dissolved *only* as the necessary result of a final judgment disposing of the whole case, it is clear that both the right of appeal from said final judgment and the effect thereof, are governed by the provisions of the general law on the subject of appeals. C. P. arts. 565, 575, 578.

In this case the appeal was taken well within the delays allowed for the taking of a suspensive appeal. C. P. art. 593.

### Decree.

The motion to dismiss is therefore denied.

### On the Merits.

ST. PAUL, J. In our opinion on the motion to dismiss we stated the case briefly as follows:

"Plaintiffs, claiming to be the owner of a certain portion of ground, prayed for judgment against defendant canceling and erasing a certain paving assessment levied upon said land, and perpetually enjoining defendant from collecting or attempting to collect the same; also that they be recognized as the owners of a certain strip taken off said land for street purposes, and either restored to the possession of said strip or allowed the value thereof and the damages to the rest of the land by reason of said taking.

"A preliminary injunction issued in due course; and afterwards there was a full trial on the merits. Whereupon there was judgment 'dismissing said plaintiffs' suit at their cost.' [From which judgment this appeal is taken.]"

### I.

▉ We are of opinion that no part of plaintiffs' property was taken for street purposes; that the strip of land which they claim never was in their possession and never was their property; that said strip was part of the street which was paved, and had been part of said street for more than 30 years before the street was paved.

This, the strip of land in controversy, is (about) 12 feet wide, and lies between the line of "the continuation of the Canal St. Bernard" and the present *property line* of "St. Bernard avenue," the street which was paved.

And Armstrong Donaldson, plaintiffs' ancestor, had acquired from Alfred Dube, on June 5, 1920, certain property described as measuring 107 feet front "on the continuation of Canal St. Bernard," but with a note written into his said title that "it is here noted for more clearness that, since the opening of St. Bernard avenue, the above-described property fronts on said St. Bernard avenue." And in the title by which said Alfred Dube acquired said property from Joseph Fortune Meyers, on September 1, 1890, the same note appears.

And the evidence shows that St. Bernard avenue has been actually opened for more than 30 years; that the buildings and fences on plaintiffs' property are actually erected on the property line of said avenue, and have stood there for more than 30 years; that said buildings and improvements have always been known and described as "No. 1921 St. Bernard Ave."

All of which is sufficient in our opinion to presume a dedication of said street by plaintiffs' authors.

■ For although it may be true that the mere use of an open passage by the public, without intent on the part of the owner to dedicate said passage as a street, will create no right in the public, nevertheless the question of *intent* to dedicate to public use is one of fact, and may be inferred from the circumstances in each particular case.

In New Orleans v. Carrollton Land Co., 131 La. 1092, 60 So. 695, this court cited with approval the syllabus to Shreveport v. Walpole, 22 La. Ann. 526, as follows:

"No deed or act of conveyance is necessary to dedicate land or rights in immovable property to the public. Nor is any particular form necessary to the dedication of land to the public use. All that is required is the assent of the owner of the land, and the fact that it is being used for the purposes intended."

See, also, Sheen v. Stothart, 29 La. Ann. 633; Baton Rouge v. Bird, 21 La. Ann. 244;

Pickett v. Brown, 18 La. Ann. 560; N. O. & C. R. R. Co. v. Carrollton, 3 La. Ann. 282; Eggerson v. Ancar, 6 Orleans App. 417.

■ Moreover, even if the land had belonged to plaintiffs, it was taken and the street paved more than two years before the filing of this suit, and hence any claim for damages on that account would then be prescribed. R. C. C. arts. 2630, 2640; Act 96 of 1896 (amending Rev. Stat. § 1479); Jefferson & L. P. R. Co. v. City of New Orleans, 31 La. Ann. 478. The plea of prescription filed in this court would be good if needed.

## II.

■ Plaintiffs' property is triangular in shape, and measures 81 feet front on St. Bernard avenue, the street which was paved, 34 feet in depth on one side, and 71 feet on the rear line forming the triangle.

It is admitted, at least not seriously denied, and is established by the evidence, that, even with the pavement laid in front of it, the property is not worth and will not sell for more than $1,500. And the assessment for the paving levied against it exceeds $3,000; the said assessment being levied according to the front foot rule in the same manner as it was levied against all other properties fronting on the street which was paved.

It is contended that this constitutes a taking of private property for public use without compensation, contrary to the provisions of the Fourteenth Amendment to the Constitution of the United States, forbidding a state to deprive any person of his property without due process of law. And plaintiffs rely on Norwood v. Baker, 172 U. S. 269, 19 S. Ct. 187, 43 L. Ed. 443, wherein it was held that—

"The exaction from the owner of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him, is to the extent of such excess,

a taking, under the guise of taxation, of private property for public use without compensation."

It will be observed however, that such a rule would require that, in every instance, each property sought to be assessed for a public improvement would have to be separately appraised as to its approximate value, both before and after the public improvement, and the assessment for such public improvement could never exceed the difference between these two appraisements.

In other words, such a rule would exclude any possibility of apportioning the cost of such public improvement by any fixed rule, whether based on area or frontage or ad valorem.

Accordingly, the point was soon made before Supreme Court of the United States that no assessment for the cost of local public improvements could be made according to valuation, or superficial area, or frontage, because (as pointed out by the dissenting Justices in the cases hereinafter cited) in such cases the abutting property would then have to bear the whole cost *even if such cost equals the full or actual market value of the land.*

But in a series of nine cases the majority of the Supreme Court held that the apportionment of the entire cost of a street pavement upon the abutting lots according to their frontage and without inquiry as to benefits will not constitute a taking of private property without due process of law. French v. Barber Asphalt Co., 181 U. S. 324, 21 S. Ct. 625, 45 L. Ed. 879; Wight v. Davidson, 181 U. S. 371, 21 S. Ct. 616, 45 L. Ed. 900; Tonawanda v. Lyon, 181 U. S. 389, 21 S. Ct. 609, 45 L. Ed. 908; Webster v. Fargo, 181 U. S. 394, 21 S. Ct. 623, 45 L. Ed. 912; Cass Farm Co. v. Detroit, 181 U. S. 396, 21 S. Ct. 644, 45 L. Ed. 914; Detroit v. Parker, 181 U. S. 399, 21 S. Ct. 624, 45 L. Ed. 917; Wormley v. District of Columbia, 181 U. S. 402, 21 S. Ct. 609, 45 L. Ed. 921; Shumate v. Heman, 181 U. S. 402, 21 S. Ct. 645, 45 L. Ed.

922; Farrell v. West Chicago Park Commissioners, 181 U. S. 404, 21 S. Ct. 609, 45 L. Ed. 924.

And that rule has been followed by this court ever since as being the settled jurisprudence of this state and of the Supreme Court of the United States. Kelly v. Chadwick, 104 La. 719, 29 So. 295, affirmed in Chadwick v. Kelly, 187 U. S. 544, 23 S. Ct. 175, 47 L. Ed. 293; Bruning v. Chadwick, 109 La. 1067, 34 So. 90; Fourmy v. Franklin, 126 La. 151, 52 So. 249; Shreveport v. Shreveport Traction Co., 134 La. 568, 64 So. 414.

Under that jurisprudence, the judgment appealed from is correct.

Decree.

The judgment appealed from is therefore affirmed.