LAND, Justice.
 

 Plaintiff, widow of C. W. Palmer, and a resident of the Town of Ponchatoula, Parish of Tangipahoa, alleges that she is the owner of an undivided half interest in and to Lots 1 and 16 of Square 50 of the Town of Ponchatoula, with frontage of 400 feet on Oak Street, between Fourth and Fifth Streets, and that these lots are assessed at $150 each.
 

 The present suit has been brought by plaintiff for the purpose of annulling all proceedings had by the Mayor and Board of Aldermen of the Town of Ponchatoula for the issuance of certain paving certificates, under the provisions of Act 92 of 1934, the proceeds of which are to be used for the construction of street paving in the Town of Ponchatoula.
 

 After setting forth the facts in Articles 2, 3, 4 and 5 of. the petition, plaintiff specifies certain nullities in> the proceedings had by the Mayor and Board of Aldermen of Ponchatoula for the issuance of the paving certificates in question.
 

 Defendants filed an exception of no right or cause of action, which was maintained in the District Court, and plaintiff’s suit was dismissed at her cost.
 

 From this judgment plaintiff has appealed.
 

 Plaintiff alleges: “That on the 7th day of August, 1939, the Mayor and Board of Aldermen of the Town of Ponchatoula claiming to act under the provisions of Act 92 of the Legislature of 1934, adopted a resolution providing for the paving of certain streets within the corporate limits of the Town of Ponchatoula, including the paving of Oak Street
 
 *1002
 
 from its intersection with Fifth Street, to its intersection with Fourth Street with concrete pavement of a width of eighteen feet, 400 feet of which pavement abuts the above described property-owned by your petitioner, said ordinance providing that the entire costs of the improvement inclusive of cost ■ of intersections and of all incidental work, legal and engineering fees shall be charged to each lot or real estate abutting the said street in the proportion that its frontage bears to all of the abutting lots to be improved on said street.” Petition, Art. 2.
 

 “That at the same meeting the said Mayor and Board of Aldermen of the Town of Ponchatoula adopted a resolution accepting and approving the certified statement of E. G. Freiler, Engineer for the Town of Ponchatoula, showing in detail the total cost of paving including Street intersections, engineer’s and Attorney’s fees and all other incidental costs and upon adoption of said ordinance fixed the unit estimate of costs of said paving at one and 82/100 Dollars ($1.82) per front foot.” Petition, Art. 3.
 

 “That at the same meeting the said Mayor and Board of Aldermen of the Town of Ponchatoula still claiming to act under the provisions of Act ninety-two (92) of 1934, passed an ordinance providing for the levying of a local or special assessment on each lot or parcel of real estate abutting certain streets in Ponchatoula, including a certain portion of Fourth Street which included the property hereinabove described on which the total assessment of $728.00 was levied; that said ordinance further provided that the amount so assessed should become due and collectible immediately upon the passage of this ordinance and if not paid within ten days it would be conclusively presumed that the taxpayer whose property is affected thereby exercises the right or option to pay the respective amounts due and assessed by said ordinance in ten equal annual installments with interest at the rate of six per cent per annum from August 7th, 1939, until paid, all of which will more clearly appear by reference to said ordinance now on file in the record in the office of the Clerk of said Town of Ponchatoula, copy of which will be produced on the trial hereof.” Petition, Art. 4.
 

 “Your petitioner now shows that by reason of the foregoing resolution and other proceedings taken by the said May- or and Board of Aldermen, indebtednesses and obligations have been incurred by way of incidental cost, attorney’s and engineering fees, and that the said Mayor and Board of Aldermen have caused a certified copy of said ordinance to be recorded in the mortgage records of the Parish of Tangipahoa whereby is created an apparent lien and privilege on the property described in the said ordinance including the' property of your petitioner in the amount of one and 82/100 Dollars ($1.82) per front foot.” Petition, Art. 5.
 

 (1) The first complaint of illegality is contained in Article 6 of plaintiff’s petition, in which it is alleged “that the action of the said Mayor and Board of
 
 *1004
 
 Aldermen is arbitrary, oppressive, illegal and unwarranted and in opposition to the will of the majority of property owners of said street
 
 who registered ■ a protest against the said paving program, whose protests were ignored
 
 and treated with contempt by said Mayor and Board of Aldermen.” (Italics ours)
 

 The answer to plaintiff’s contention is that, under Section 2 of Act 92 of 1934, under which the paving is to be done, a public hearing is provided for and all interested parties are given notice in order that their, protests against the' proposed paving may be heard. However, the defendants, the Mayor and Board of Aldermen of the Town of Ponchatoula, are not required to heed the protest of any one or more of' the property owners, but have the right to determine whether to order' such improvements or otherwise.
 

 It • is provided in Section 2 of Act 92 of 1934 that: “Such notice shall be signed by the Mayor, or the executive officer of the municipality and shall contain substantially all things set forth in said resolution, and shall set forth further that the authority ordering the giving of notice will, in open session, at the date and at the hour and place named, proceed to hear any and' all objection to the proposed improvements' and the manner of payment therefor,
 
 and after hearing and passing on such objections, proceed, if it determine, to order such improvements- constntcted in the manner hereinafter provided for”
 
 (Italics ours)
 

 In Fourmy v. Town of Franklin, 126 La. 151, at page 153 of the opinion, 52 So. 249, 250, it is said by the court that: “The ■ apportionment of the entire cost of a street pavement upon the abutting lots' according to their frontage, without -any preliminary hearing as to benefits, may be authorized by the Legislature, and this will not constitute a taking of property without due process of law. Margaret French v. Barber Asphalt Paving Co., 181 U.S. 324, 21 S.Ct. 625, 45 L.Ed. 879; Davidson v. New Orleans, 96 U.S. 97, 24 L.Ed. 616; McMillen v. Anderson, 95 U. S. 37, 24 L.Ed. 335.”
 

 It is also said by the court in the opinion in the Fourmy case, 126 La. at page 154, 52 So. at page 250:
 

 “The complaint that the proposed work of paving is unnecessary and will not confer any special benefits on the plaintiffs is disposed of by the reasoning and decree of the court in Kelly v. Chadwick, 104 La. 719, 732, 29 So. 295, 300. In that case the court quoted approvingly from Cooley on Taxation, p. 429, as follows:
 

 “ ‘With the wisdom or unwisdom of special assessments, when ordered in' cases in which they are admissible, the courts have no concern, unless there is plainly and manifestly such an abuse of power as takes the case beyond the just limits of legislative discretion.’ ”
 

 While the Legislature gives the taxpayers in Section 2 of Act 92 of 1934 the right of protest against the proposed paving, the lawmakers ’ did not intend,
 
 by
 
 
 *1006
 
 any means, to make the taxpayers the final arbiters in such case. Nor did they, in our opinion, go “beyond the just limits of legislative discretion” in vesting the Town of Ponchatoula, a public body, with discretion to act contrary to the protest. We fail to find, therefore, that there has been arbitrary or illegal abuse of such discretion by the Town in so acting.
 

 (2) The next attack made upon the proceedings is contained in Article 7 of the petition, and its sub-paragraphs (a) and (b), which read as follows:
 

 “Petitioner now shows that the attempt of the said Mayor and Board of Aldermen to levy an assessment against the said properties for the proposed paving program as carried out by the said Mayor and Board of Aldermen is ultra vires, not authorized by the provisions of said act (No. 92 of 1934), null and void for the following reasons, to-wit:
 

 “(a) That by the adoption of said ordinance said Mayor and Board of Aldermen attempted to place a lien and privilege on the property of your petitioner and of other property owners in the said Town as of' date August 7, 1939,
 
 at which time and up to .this time no such improvement has taken place
 
 and no such assessment is authorized under the provisions of said áct since a lien and privilege cannot be pledged against the property for such paving
 
 until the said (paving) has been actually completed.
 

 “(b) That the said Mayor and Board of Aldermen in the said ordinance has provided that the alleged lien and privilege shall bear six per cent per annum interest from August 7th, 1939, when no benefits had accrued to the said property, no work had been actually done toward the said improvements
 
 and the charging of interest from the date of August 7, 1939 is not authorized by the said act.’1
 
 (Italics ours)
 

 In Article 7, sub-paragraph (a), the complaint of plaintiff is made that the Town Board has placed a lien against plaintiff’s property before the improvements have been made; and, in sub-paragraph (b), the further complaint is made .that the proposed certificates .will bear interest from date of August 7, 1939, instead of date of completion of the work.
 

 , The ordinance attacked in this case is alleged to have been adopted on August 7, 1939, under the original provisions of Act 92 of 1934, but Sections 6 and 7 of Act 92 of 1934 have been amended by Act 258 of 1938 and furnish a complete answer to plaintiff’s contentions.
 

 It is provided in Section 6 of Act 258 that: “The amounts assessed in said ordinance
 
 shall be due and collectible immediately on its passage, and, if not. paid within ten days from, the date of the adoption, of said ordinance,
 
 it will be conclusively presumed that any property owner whose property is affected thereby, exercises the right and option, which is hereby authorized, to pay the amount due' in equal annual, i% stallments
 
 bearing interest.either from date or from maturity
 
 at the rate of not exceed-^ ing seven. (7%) per centum p.er annum, payable annually or semi-annually, and extending over a period of not exceeding
 
 *1008
 
 forty (40) years, all within the discretion of the governing authority of said municipality, and as provided for in the ordinance levying said local or special assessments.” (Italics ours)
 

 It is further provided in Section 6 of Act 258, amending Section 6 of Act 92 of 1934, that: “A certified copy of the said ordinance levying the local or special assessments on the real estate as aforesaid shall be filed with the Clerk of the Court in the Parish in which the municipality is situated,
 
 who shall forthwith record the same in the Mortgage Records of the Parish, and when so filed amd 'recorded shall operate as a lien and privilege against all other real estate therein assessed, and which aforesaid lien and
 
 ■
 
 privilege shall prime all other claims except taxes.”
 
 (Italics ours)
 

 It is also provided in Section 7 of Act 258 of 1938, amending Section 7 of Act 92 of 1934: “That municipal corporations complying with the provisions of this Act, shall have .and are hereby authorized to issue, execute, negotiate, sell, and deliver negotiable' interest bearing coupon paving certificates of the municipality in an amount not exceeding the total amount of the installments or deferred payments as provided" for in "the preceding section,
 
 said paving 'certificates to bear interest either from
 
 date'
 
 or from maturity not exceeding six (6%) per centum per annum,
 
 said interest to be1 paid annually or semi-annually, and to mature serially over a period not exceeding forty (40) years, but in no event shall said certificates extend over a longer period of time than that provided for by the ordinance levying the local or special assessments, which may be payable in annual installments.” (Italics ours)
 

 The attacks made by plaintiff on the ordinance in Article 7, sub-paragraphs (a) and (b), are therefore without merit.
 

 (3) In sub-paragraph (c) of Article 7 of plaintiff’s petition, it is alleged: “That the amount of the Estimate of a unit cost is one and 82/100 ($1.82) dollars per front foot, is excessive and unwarranted and far exceeds the amount being paid by other towns in the State of Louisiana, which have provided for pavement of a quality equal to or better than the quality provided by the said Mayor and Board of Aldermen and of a greater width;
 
 petitioner being informed and on such information alleging
 
 that the City of Hammond, located only five miles from the said Town of Ponchatoula, is constructing pavement of as good a quality
 
 as that provided for in the estimate of the engineer of the Town of Ponchatoula
 
 and of a width of Twenty feet instead of eighteen feet for an estimated unit cost of one and 50/100 ($1.50) per front foot.” (Italics ours)
 

 The above allegations are based largely upon hearsay statements. Besides, plaintiff has failed to annex to and make part of her petition the itemized estimate of the engineer of the Town of Ponchatoula, on which the municipal authorities have acted in this case.
 

 There is no allegation of any fraud or collusion on the part of the Town Board or of the engineer in arriving at the figure of $1.82 per front feet, and we know of no
 
 *1010
 
 law which requires the paving in the several municipalities of the State to cost the same, such cost necessarily depending upon local conditions. Paragraph (c) of Article 7 of plaintiff’s petition, in our opinion, fails to set out any legal reason for the relief prayed for by plaintiff, being merely the conclusions of the pleader, and not well-pleaded facts, which should be accepted as true in disposing of the exception of no right or cause of action.
 

 (4) In sub-paragraph (d) of plaintiff’s petition, it is alleged: “That the paving assessment of $728.00 levied against the two lots of your petitioner, that are assessed on the books of the Municipality at $150.00 each, is confiscatory and amounts to the taking of private property for public use without adequate compensation previously paid and also to deprive petitioner of her property without due process of law in violation of the provisions of Section 2 of Article 1 of the Constitution of the State of Louisiana of 1921, the said assessment against the property of your petitioner being far in excess of its actual assessed value.”
 

 In sub-paragraph (e) of Article 7 of plaintiff’s petition, it is also alleged: “That in view of the fact that all lots in Ponchatoula run east and west, practically all assessed at from $100.00 to $150.00 each, all owners of corner lots will be similarly
 
 affected
 
 as your petitioner.”
 

 Plaintiff’s contention that the paving assessment of $728 against her property is in excess of its value, and therefore deprives plaintiff of her property without due process of law, is answered completely by the decision of this court in the case of Donaldson’s Heirs v. City of New Orleans, 166 La. 1059, 118 So. 134, 135.
 

 In that case it is said by the court:
 

 “Plaintiffs’ property is triangular in shape, and measures 81 feet front on St. Bernard avenue, the street which was paved, 34 feet in depth on one side, and 71 feet on the rear line forming the triangle.
 

 “It is admitted, at least not seriously denied, and is established by the evidence, that, even with the pavement laid in front of it, the property is not worth and will not sell for more than $1,500. And the assessment for the paving levied against it exceeds $3,000;
 
 the said assessment being levied according to the front foot rule in the same manner as it was levied against all other properties fronting on the street which was paved.
 
 [Italics ours]'
 

 “It is contended that this constitutes a taking of private property for public use without compensation, contrary to the provisions of the Fourteenth Amendment to the Constitution of the United States, forbidding a state to deprive any person of his property without due process of law. And plaintiffs' rely on Norwood v. Baker, 172 U.S. 269, 19 S.Ct. 187, 43 L.Ed. 443, wherein it was held that—
 

 “ ‘The exaction from the owner of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him, is to the extent of such excess, a taking, under the guise of taxation, of private property for public use without compensation.’ ”
 

 
 *1012
 
 “It will be observed however, that such a rule would require that, in every instance, each property sought to be assessed for a public improvement would have to be separately appraised as to its approximate value, both before and after the public improvement, and the assessment for such public improvement could never exceed the difference between these two appraisements.
 

 “In other words, such a rule would exclude any possibility of apportioning the cost of such public improvement by any fixed rule, whether based on area or frontage or ad valorem.
 

 “Accordingly, the point was soon made before Supreme Court of the United States that no assessment for the cost of local public improvements could be made according to valuation, or superficial area, or frontage, because (as pointed out by the dissenting Justices in the cases hereinafter cited) in such cases the abutting property would then have to bear the whole cost
 
 even if such cost equals the full or actual market value of the land.
 

 “But in a series of nine cases the majority of the Supreme Court held that the apportionment of the entire cost of street pavement upon the abutting lots according to their frontage and without inquiry as to benefits will not constitute a taking of priyate property without due process of law. French v. Barber Asphalt Co., 181 U.S. 324, 21 S.Ct. 625, 45 L.Ed. 879; Wight v. Davidson, 181 U.S. 371, 21 S.Ct. 616, 45 L.Ed. 900; Tonawanda v. Lyon, 181 U.S. 389, 21 S.Ct. 609, 45 L.Ed. 908; Webster v. Fargo, 181 U.S. 394 [398], 21 S.Ct. 623 [645], 45 L.Ed. 912 [916]; Cass Farm Co. v. Detroit, 181 U.S. 396 [398], 21 S.Ct. 644 [645], 45 L.Ed. 914 [916]; Detroit v. Parker, 181 U.S. [398] 399, 21 S.Ct. 624 [645], 45 L.Ed. [916] 917; Wormley v. District of Columbia, 181 U.S. 402, 21 S.Ct. 609, [645] 45 L.Ed. [916] 921; Shumate v. Heman, 181 U.S. 402, 21 S.Ct. 645, 45 L.Ed. [916] 922; Farrell v. West Chicago Park Commissioners, 181 U.S. 404, 21 S.Ct. 609 [645] 45 L.Ed. [916] 924.
 

 “And that rule has been followed by this court ever since as being the settled jurisprudence of this state and of the Supreme Court of the United States. Kelly v. Chadwick, 104 La. 719, 29 So. 295, affirmed in Chadwick v. Kelly, 187 U.S. [540] 544, 23 S.Ct. 175, 47 L.Ed. 293; Bruning v. Chadwick, 109 La. 1067, 34 So. 90; Fourmy v. [Town of] Franklin, 126 La. 151, 52 So. 249; [City of] Shreveport v. Shreveport Traction Co., 134 La. 568, 64 So. 414.”
 

 So, in the case at bar, the assessment has been levied according to the front foot rule in the same manner as it was levied against all other properties fronting on the street to be paved, and does not constitute a taking of private property without due process of law, as contended by plaintiff.
 

 (5) Articles 8, 10, 11, 12 ánd 13 of plaintiff’s petition all refer to the certificate from the State Bond and Tax Board, and the result of these articles is an attack on the legality of the proposed paving certificates for the reason that the permit from the State Bond and Tax Board- had
 
 *1014
 
 not been secured at the time of the initiation of these-proceedings.
 

 The certificate from the State Bond and Tax Board is not necessary
 
 before the issuance
 
 of the paving certificates but is necessary
 
 only before the sale
 
 of such certificates. Ozenne v. Board of Com’rs of St. Landry and St. Martin Gravity Drainage District No. 1, 183 La. 465, 164 So. 247, and State ex rel. Maestri, Mayor v. Cave, Commissioner of Public Finance, 193 La. 419, 190 So. 631.
 

 In the latter case the court, in interpreting Act 6 of the Second Extra Session of 1935, Section 5, said at page 444 of 193 La., at page 640 of 190 So.: “ ‘In my opinion, this point is completely answered by the decision-of the Supreme Court in Ozenne v. Board of Commissioners, 183 La. 465, 164 So. 247. Act No. 6 of the Second Extra Session of 1935 is very sweeping in its terms and, apparently, applies to a situation such as this where refunding obligations are being issued even though no new debt is being incurred. Hence, the consent and approval of the State Bond and Tax Board will be requisite
 
 before the New Certificates can be issued.
 
 However, there is nothing in the statute which requires this consent and approval
 
 prior to the passage of the ordinance authorizing the New Certificates”
 
 (Italics ours)
 

 In other words, in Act 6 of the Second Extra Session of 1935, the only requirement is that, before
 
 issuing and selling the paving certificates,
 
 the consent of the -State Bond and Tax Board must be obtained. Howévér'; -there is no allegation that the certificates have been issued or sold and, therefore, this claim of nullity •must fall with the other claims of plaintiff’s petition.
 

 (6) Article 9 of the petition contains a simple statement of one section of the law found in Act 92 of 1934 to the effect that, if the paving assessments are not sufficient to -retire the certificates, the town authorities can levy assessments for such purposes. There is no allegation of nullity on these grounds.
 

 We find no error in the judgment appealed from, maintaining the exception of no right or cause of action and dismissing plaintiff’s suit at her cost.
 

 Judgment affirmed.
 

 PONDER, J., absent.