HARDY, Judge.
This is an action by plaintiff for injunc-tive relief restraining and prohibiting the defendant from obstructing the use of a way of passage allegedly constituting a public street, located within the corporate limits of the Town of Jonesboro in Jackson Parish. After trial on a rule nisi a preliminary injunction was issued. The case was tried on the merits and there was judgment in favor of defendant recalling the rule and dismissing plaintiff’s suit, from which plaintiff has appealed.
Plaintiff is the owner of certain described property located in the Town of Jonesboro which borders upon a roadway located entirely upon property of the defendant which adjoins plaintiff’s tract on the south. Plaintiff’s petition alleged that the said passageway, known and called by the name of South Tenth Street, had become a public street of the Town of Jones-boro either by tacit dedication on the part of defendant or through operation of the provisions of LSA-R.S. 48:491. Defendant appeared and answered plaintiff’s plead-ings, in response to the issuance of the rule, generally denying the allegations of the petition, specifically denying any dedication, either tacit or by operation of the statute, and alternatively attacked the constitutionality of LSA-R.S. 48:491. Defendant further interposed an exception of no cause or right of action based upon the averment that the Town of Jonesboro was a party at interest and had not been im-pleaded either as a party plaintiff or defendant. The exception was overruled and must be considered as having been abandoned since no contention as to its validity has been asserted before this court.
The facts developed on trial of the case show that the property owned by defendant is bounded on the east by Polk Street and on the west by Connor Street, which are parallel public streets of the Town of Jonesboro located one block apart. The disputed passageway is a road located entirely along the north end of defendant’s property, which joins Polk and Connor Streets and a portion of which road borders plaintiff’s property on the north. The roadway has been used by plaintiff since his purchase of the property, to the north thereof, in 1946, and this use has been without objection on the part of defendant until some six months, more or less, prior to the institution of this suit, at which time defendant insisted upon closing the said passageway. It is established by the testimony that, shortly after the purchase of his property, defendant made a proposal to plaintiff’s grandfather, who then owned the tract now owned by plaintiff, that they join in the dedication of a roadway along the line of their adjoining properties, each to contribute one-half of the width thereof from their respective tracts. This proposal was refused by plaintiff’s ancestor in title, whereupon defendant proceeded to build the roadway, which is the subject of this dispute, entirely upon his own property. There is no question as to the fact that for many years defendant expended various sums of money in keeping up and maintaining the roadway, but it is also estab *570 lished that for a period of some ten years, more or less, prior to the institution of this suit, the roadway had been occasionally worked by employees of the Town of Jones-boro and in 1952 it seems that gravel was spread on the roadway preparatory to blacktopping the same. The testimony of the Mayor of the Town of Jonesboro establishes the fact that this work was done in connection with the town’s program for extensive street improvements in the nature of blacktopping, but objection to the blacktopping of this roadway, the so-called Tenth Street, was strenuously urged by the defendant, whereupon the town abandoned its preparation for such work thereupon. It was also established, without contradiction, that the defendant, on a number of occasions, had objected to the town’s maintenance operations and his protests had been repeatedly brought to the attention of the agents and employees of the municipality. On this point the Mayor testified that the defendant claimed ownership of the so-called Tenth Street and that the town permanently abandoned any idea of improving the street and thereafter refrained from adding any gravel to the surface of the road.
On the basis of testimony adduced on trial of the case we think the following material conclusions are justified:
(1). There is no evidence that the roadway which is the crux of this litigation was ever kept up, maintained or worked by authority of the governing body, that is, the Mayor and Town Council of the Town of Jonesboro;
(2). Any work in keeping up or maintaining the roadway was performed by employees of the Town without authority and in the face of repeated protests by this defendant.
Plaintiff’s action is based upon the contention that the Town of Jonesboro has acquired a servitude of passage of the roadway known as Tenth Street by operation of the three years maintenance provisions of LSA-R.S. 48:491, or, alternatively, by a tacit or implied dedication, which contentions we will proceed to discuss in the order set forth.
Acquisition of a servitude of passage through maintenance by the governing body of a municipality is provided by LSA-R.S. 48:491, which reads as follows:
“All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be. Also all roads or streets made on the front of their respective tracts of lands by individuals when the lands have their front on any of the rivers or bayous within this state shall be public roads when located outside of municipalities and shall be public streets when located inside of municipalities. As amended Acts 1954, No. 639 § 1.”
(Appropriate provision emphasized).
It is clear from the wording of the statute that the effect of the provision in question is dependent upon the maintenance or working of a street for the required period —“ * * * by authority of any municipal governing authority in its municipality * * (For a relevant comment see Frierson v. Police Jury of Caddo Parish, 160 La. 957, 107 So. 709, 710, in which the court stated as a factual conclusion that the road in contest was kept up and maintained by work performed “under authority of the police jury.’’) The requisite factual showing is not established in the instant case. There is not the slightest evidence which would support the conclusion that Tenth Street has ever been worked or maintained by authority of the governing body of the *571 Town of Jonesboro. To the contrary, it seems obvious, from the testimony of the Mayor, that there was never any official action by the municipality in this respect. It would seem to be fairly inferred that tentative plans for the inclusion of Tenth Street in the improvement program of town streets were specifically abandoned as the result of protests by the defendant.
The last above stated observation logically leads to a consideration of what we regard as an additional implied condition upon which the effectiveness of the above quoted statutory provision must depend, namely, the express consent or the implied acquiescence of the owner of property upon which the roadway is located. In this connection we note certain expressions in the opinion of the Supreme Court in Porter v. Huckabay, 221 La. 120, 58 So.2d 731. In applying the statutory provisions of LSA-R.S. 48:491 the opinion pointedly observed that the upkeep of the road was supplied by the police jury at his (defendants) solicitation, and, further, that the road had been substantially maintained by the police jury with the full approval of the owner.
Though we do not find any specific pronouncement on this point in prior jurisprudence, we think it must be concluded that the statute does not apply in instances where the operations of upkeep, maintenance, improvement, etc., have been performed by the governing authority of a parish or municipality over the express protest and opposition of the owner of the property. To hold otherwise would be equivalent to approving a principle of forcible taking of private property without compensation. In our opinion the enunciation of this principle does not weaken either the intent, purpose or the legal effect of the statutory provision.
We proceed to a consideration of plaintiff’s contention of implied dedication. This common law doctrine is well recognized in this State; Ford v. City of Shreveport, 204 La. 618, 16 So.2d 127, and authorities therein cited. Examination of our jurisprudence bearing upon the doctrine of implied dedication conclusively- discloses the essential requirement to- be the establishment of an intention to dedicate, to such an extent as will exclude any other rational hypothesis; Torres v. Falgoust, 37 La.Ann. 497; City of Shreveport v. Drouin, 41 La.Ann. 867, 872, 6 So. 656, 657; Bomar v. City of Baton Rouge, 162 La. 342, 110 So. 497; Donaldson’s Heirs v. City of New Orleans, 166 La. 1059, 118 So. 134.
The intention which is the very foundation of the doctrine of implied dedication is a question of fact; Donaldson’s Heirs v. City of New Orleans, supra.
Every established fact in the instant case, developing over the period of almost twenty years subsequent to defendant’s action in laying out the roadway which is now known as Tenth Street, completely destroys even the implication of intent on the part of defendant to dedicate the roadway to the public.
An extension or elaboration of the doctrine of implied dedication is based upon estoppel in pais. The distinction would appear to lie in the nature of conduct on the part of the owner of property. In those instances where the conduct of the owner is active or affirmative in nature, to the extent of demonstrating an intention to dedicate, the general doctrine of implied dedication becomes effective to accomplish the intent so evidenced. In those cases where the conduct is passive or negative in nature, either by reason of negligence or inaction, the application of the doctrine of estoppel in pais serves to bring about the effect of dedication; Arkansas-Louisiana Gas Co. v. Parker Oil Co., 190 La. 957, 183 So. 229; Ford v. City of Shreveport, supra. Defendant in the instant case can hardly be convicted of either negligence or inaction in view of the positive proof of his continuous assertion of the private ownership of the road in question and his repeated objections to the mainte *572 nance operations by employees of the municipality.
In view of the findings and conclusions above stated, we do not think it necessary to undertake consideration and determination of the issue as to the constitutionality-of the statute which was raised by defendant in his answer.
In addition to the assistance afforded the court by the elaborate briefs of counsel for the parties litigant in the instant case, we wish to acknowledge our indebtedness to comprehensive and pertinent discussions relating to the issue of dedication found in three separate articles of the Louisiana Law Review, Volume XVI at pages 229, 521 and 789 respectively.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.